Stephen G. GLOVER, Plaintiff–
Appellant,

v.

STATE of Colorado, Office of the Attorney
General, Roy Romer, Gale A. Norton,
Aristedes Zavaras, Fran Fox, John Suth-
ers, and the Colorado Department of
Corrections, Defendants–Appellees.

No. 04CA2171.

Colorado Court of Appeals,
Div. I.

Dec. 15, 2005.

Rehearing Denied Jan. 19, 2006.

Stephen G. Glover, Pro Se.

John W. Suthers, Attorney General, James
X. Quinn, Assistant Attorney General, Den-
ver, Colorado, for Defendants–Appellees.

DAVIDSON, Chief Judge.

Plaintiff, Stephen G. Glover, appeals from
the judgment in favor of defendants, the
State of Colorado, the Office of the Attorney
General, Roy Romer, Gale Norton, Aristedes
Zavaras, Fran Fox, John Suthers, and the
Colorado Department of Corrections (DOC).
We affirm.

Plaintiff, an inmate in the custody of the
DOC, filed this action for money damages, a
declaratory judgment, and equitable relief
based on defendants' cigarette distribution
policies. He alleged that defendants distrib-
uted cigarettes free of charge with the intent
to cause him to become addicted to ciga-
rettes, that he became addicted to cigarettes,
and that defendants then began charging him
for cigarettes. According to plaintiff, defen-
dants, despite having knowledge of the dan-
gers of smoking, continued to sell cigarettes

to him until 1999, which created a substantial and unjustified risk of serious bodily injury or death. He asserted claims that defendants' conduct amounted to a conspiracy to commit various crimes, including assault and attempted reckless manslaughter, as well as three claims based on the Colorado Organized Crime Control Act (COCCA), § 18–17–101, et seq., C.R.S.2005.

Plaintiff sought injunctive relief precluding defendants from engaging in this conduct. Plaintiff also sought an order requiring defendants to disgorge all profits resulting from the sale of tobacco products, requiring defendants to forfeit all profits resulting from the sale of tobacco products, awarding treble damages for future health care costs, requiring defendants to pay $2000 for each violation of COCCA, and requiring defendants to disgorge all monies paid to them in settlement of the tobacco litigation.

Defendants moved to dismiss plaintiff's complaint on several grounds, including, as relevant here, that he failed to exhaust administrative remedies as required by § 13–17.5–102.3, C.R.S.2005.

The trial court dismissed the action because plaintiff had failed to exhaust administrative remedies under § 13–17.5–102.3. Alternatively, the court found that plaintiff's claims were barred by the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.2005.

Plaintiff contends that the trial court erred in dismissing his complaint. Because we conclude that the trial court properly dismissed the case for failure to exhaust administrative remedies, we need not consider the other grounds raised by defendants or addressed by the court.

■ When administrative remedies are provided by statute or ordinance, in order for a court to allow relief, the procedure outlined must be followed if the contested matter is within the jurisdiction of the administrative authority. *Horrell v. Dep't of Admin.*, 861 P.2d 1194, 1197 (Colo.1993). This requirement allows the agency with expertise in a particular subject matter to develop the necessary factual record on which the agency and reviewing courts may base their deci-sions. *City & County of Denver v. United Air Lines, Inc.*, 8 P.3d 1206 (Colo.2000). It also promotes efficiency by preventing the interruption and fragmentation of the administrative process and conserves judicial resources by ensuring that courts intervene only if the administrative process fails to provide adequate remedies. *City & County of Denver v. United Air Lines, Inc., supra.*

■ Nevertheless, exhaustion is not necessary when (1) further administrative review by the agency would be futile because the agency will not provide the relief requested, or (2) the agency lacks the authority or capacity to determine the matters in controversy. *State v. Golden's Concrete Co.*, 962 P.2d 919, 923 (Colo.1998).

Section § 13–17.5–102.3(1), C.R.S.2005, provides:

> No inmate shall bring a civil action based upon prison conditions under any statute or constitutional provision until all available administrative remedies have been exhausted in a timely fashion by the entity operating the detaining facility and inmate. For purposes of this subsection (1), an inmate shall be considered to have exhausted all available administrative remedies when the inmate has completed the last step in the inmate grievance process as set forth in the regulations promulgated by the entity operating the detaining facility. Failure to allege in the civil action that all available administrative remedies have been exhausted in accordance with this subsection (1) shall result in dismissal of the civil action.

DOC Admin. Reg. No. 850–04 sets forth the grievance process under which an inmate must first attempt to resolve his complaint informally. The grievance process then provides three steps that must be followed by the inmate. The term "remedy" is defined in DOC Admin. Reg. No. 850–04(III)(F) as:

> A meaningful response, action, or redress requested by the offender grievant at the step 1, 2, or 3 level which may include modification of institutional policy, restoration of or restitution for property, or assurance that abuse will not recur. DOC staff discipline/reprimand, damages for

pain and suffering, and exemplary or punitive damages are not remedies available to offenders.

■ Plaintiff contends that exhaustion is not required because under the grievance process, the DOC has no authority to take any responsive action with respect to the allegations raised in his complaint in that the remedies available under the grievance process exclude some of the relief he seeks. We are not persuaded.

In enacting § 13–17.5–102.3, the General Assembly required an inmate to exhaust the last step in the inmate grievance process before proceeding to court. This intent is evidenced by the General Assembly's use of the mandatory word "shall" several times in the statute: (1) no inmate "shall" bring a civil action without exhausting his administrative remedies; (2) an inmate "shall" be considered to have exhausted his administrative remedies when he has completed the last step in the inmate grievance process; and (3) even the failure to allege that all administrative remedies have been exhausted "shall" result in the dismissal of the civil action. *See Riley v. People*, 104 P.3d, 218, 221 (Colo. 2004) (presumption that the word "shall" when used in a statute is mandatory).

Contrary to plaintiff's contention, the remedies available under the inmate grievance process do not bar all forms of relief responsive to his claims. The remedies include modifying institutional policy, restitution of property, and assuring that abuse will not recur. In addition, the grievance process limits, but does not preclude all types of damages recoverable. Thus, although several remedies plaintiff seeks are not available, he would still be eligible to obtain certain forms of redress. *See* DOC Admin. Reg. No. 850–04.

Furthermore, plaintiff's approach would allow an inmate to circumvent administrative review merely by alleging a claim for, among other things, punitive damages. Permitting an inmate to avoid the exhaustion requirements so easily would defeat the General Assembly's intent in passing § 13–17.5–102.3. The legislative declaration to this statute provides that the state has a strong interest in limiting substantially frivolous, groundless, or vexatious inmate lawsuits which impose an undue burden on the state judicial system. *See* § 13–17.5–101(1), C.R.S.2005. Consistent with this declaration, the General Assembly enacted other provisions to promote efficiency in the disposition of inmate lawsuits. For example, the General Assembly has allowed preliminary matters in inmate lawsuits to be determined by magistrates and provided sanctions against inmates who file claims against public defendants that are dismissed as frivolous. *See* § 13–17.5–101(2), C.R.S.2005. This intent and the other provisions underscore the importance of requiring that inmates exhaust the administrative process before bringing suit.

Colorado's statute is modeled after a substantially similar federal statute, 42 U.S.C. § 1997e(a), that was enacted as part of the Prison Litigation Reform Act of 1995. That statute provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The United States Supreme Court has interpreted the phrase "administrative remedies ... available" in § 1997e(a) as requiring an inmate to exhaust the processes available, without regard to the forms of relief. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Consequently, the Court determined that administrative remedies must be exhausted even if the relief sought is not available through the administrative process. *Booth v. Churner, supra.*

The Supreme Court has also determined that Congress eliminated the lower courts' discretion to dispense with administrative exhaustion. Thus, the Court concluded that exhaustion is required even when the available administrative remedies appear futile, as long as authorities at the administrative level have power to take some responsive action. *See Porter v. Nussle*, 534 U.S. 516, 529, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002)("[R]esort to a prison grievance process must precede resort to a court.").

Therefore, because the plain language of § 13–17.5–102.3 unequivocally expresses an intent to require that an inmate complete the inmate grievance process before filing suit, and plaintiff does not assert that he has complied with that requirement, we conclude that the trial court properly dismissed the action for plaintiff's failure to exhaust his administrative remedies.

The judgment is affirmed.

Judge MARQUEZ and Judge WEBB concur.