*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0266p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

VIOLA ALSTON, *et al.*,

        *Plaintiffs-Appellants,*

    *v.*

ADVANCED BRANDS AND IMPORTING CO., *et al.*,

        *Defendants,*

ANHEUSER-BUSCH, INC., *et al.*,

        *Defendants-Appellees.*

Nos. 06-1836/3367

Appeal from the United States District Courts
for the Eastern District of Michigan at Detroit
and the Northern District of Ohio at Cleveland.
Nos. 05-72629; 04-01081—
Marianne O. Battani, Donald C. Nugent, District Judges.

Submitted: June 7, 2007

Decided and Filed: July 17, 2007

Before: BATCHELDER and COLE, Circuit Judges; PHILLIPS, District Judge.[*]

_____

### COUNSEL

**ON BRIEF:** Jeffrey A. Bartos, GUERRIERI, EDMOND, CLAYMAN & BARTOS, Washington, D.C., Mark J. Schirmer, STRAUS & BOIES, Birmingham, Alabama, for Appellants. Anne G. Kimball, Sarah L. Olson, WILDMAN, HARROLD, ALLEN & DIXON, Chicago, Illinois, Stephen Ormond, KUPELIAN, ORMOND & MAGY, Southfield, Michigan, J. Russell Jackson, Hayden A. Coleman, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, New York, New York, Edward M. Crane, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, Chicago, Illinois, Irene C. Keyse-Walker, TUCKER, ELLIS & WEST, Cleveland, Ohio, for Appellees.

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

---

**OPINION**

---

ALICE M. BATCHELDER, Circuit Judge.  In this consolidated appeal, the plaintiffs appeal the dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of their complaints alleging that the defendants' advertising is responsible for the underage, and therefore illegal, purchase of alcoholic beverages by the plaintiffs' minor children.  *See Alston v. Advanced Brands & Importing Co.*, No. Civ. 05-72629, 2006 U.S. Dist. Lexis 31324, 2006 WL 1374514 (E.D. Mich. May 19, 2006); *Eisenberg v. Anheuser-Busch, Inc.*, No. 1:04 CV 1081, 2006 U.S. Dist. Lexis 4058, 2006 WL 290308 (N.D. Ohio Feb. 2, 2006).  Because we find that the plaintiffs lack standing, we vacate the district courts' orders and remand with instructions that the complaints be dismissed for lack of jurisdiction.

The plaintiffs in these two cases are parents of minor children.  The defendants are domestic manufacturers and importers of alcoholic beverages and the Beer Institute, a trade association. Plaintiffs allege that the defendants' advertising is responsible for the illegal (underage) purchase of alcoholic beverages by minor children, and that plaintiffs' own minor children have been subject to the defendants' advertising campaigns.  Plaintiffs do not, however, allege, admit, or plead any facts tending to demonstrate that their own minor children, or any particular minor children, have actually purchased any such alcohol.  These plaintiff parents seek to recover money allegedly spent on purchases of alcoholic beverages by minor children and to enjoin further advertising.  *See Alston* at *1; *Eisenberg* at *2.  In considering these claims, both of the district courts determined that their respective plaintiffs could not demonstrate injury or causation for any of their claims, and concluded that the plaintiffs had failed to state any claims upon which relief could be granted.  Neither of the district courts discussed standing, even though other courts presented with virtually identical claims have done so.  *See*, *e.g.*, *Hakki v. Zima Co.*, No. 03-9183, 2006 WL 852126, *2 & n.1 (D.C. Super. Mar. 28, 2006) (unreported) (denying standing for lack of injury, under District of Columbia law); *Tomberlin v. Adolph Coors Co.*, No. 05 CV 545, *3 (Wis. Cir. Ct. Feb. 16, 2006) (unreported) (denying standing for lack of injury or causation, under Wisconsin law).

"Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even [if] the parties are prepared to concede it . . . .  When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (citations and edits omitted) (stating that there is no "doctrine of hypothetical jurisdiction").  Standing is an aspect of justiciability, *Warth v. Selden*, 422 U.S. 490, 498 (1975), and "a plaintiff must demonstrate standing for each claim he seeks to press."  *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1867 (2006). The "irreducible constitutional minimum of standing" comprises three requirements: injury in fact, causation, and redressability.  *Steel Co.*, 523 U.S. at 102-03.

The plaintiffs allege two kinds of injury, economic injury and injury to their parental rights, but this second claim of injury is specious.  As the district court explained in *Eisenberg*:

> This Court is aware of no legal authority that would support restriction of a private party's freedom of speech and expression under the theory that the expressed ideas interfere with a parent's right to make decisions regarding their children's upbringing.  Parents have a right to make fundamental decisions about a child's upbringing, but they have no legal right to prevent other private parties from attempting to influence their children.

*See Eisenberg* at \*16 (noting that "[a]ll of the cited cases dealing with an interference with parental rights involve state actors"); *see also Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 846 (1977) (reasoning that "[i]t is one thing to say that individuals may acquire a liberty interest against arbitrary governmental interference, . . . [i]t is quite another to say that one may acquire such an interest in the face of another's constitutionally recognized liberty interest"). Consequently, the plaintiffs' complaints do not allege a cognizable injury under this theory.

Nor do these complaints adequately plead any economic injury, principally because *these* plaintiffs have not alleged that *their* children have purchased any alcohol — that is, *these* plaintiffs have not alleged that *they* have suffered any economic injury. Therefore, the plaintiffs' complaints do not allege a legal "injury in fact" based on this theory.

It may be, as plaintiffs contend, that they could overcome this deficiency if they were permitted to amend their complaints. But even if that were the case, the plaintiffs cannot demonstrate that they have standing because they cannot show causation or redressability. *See Alston* at \*3, 9; *Eisenberg* at \*13-14, 16. As the plaintiffs' complaints acknowledge, laws in both forum states protect against the underage consumption of alcohol — both the sale of alcohol to and the purchase of alcohol by a minor are unquestionably illegal. Therefore, the causal connection between the defendants' advertising and the plaintiffs' alleged injuries is broken by the intervening criminal acts of the third-party sellers and the third-party, underage purchasers. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976) ("a federal court [may] act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court"). A crime is an independent action. Indeed, our entire concept of criminal punishment is predicated on the idea that individuals are accountable for their own actions. Consequently, the plaintiffs cannot allege any facts that would demonstrate causation sufficient to establish standing to litigate the present claims.

The plaintiffs not only cannot demonstrate causation, they cannot articulate a viable remedy. The plaintiffs' most obvious remedy would be to recover from their children the money those children converted from the plaintiffs (i.e., parents) in order to violate the law prohibiting underage purchase of alcohol. A second obvious remedy would be to recover money from the retailers who sold alcohol to minors in violation of the law. The corresponding injunctive remedy would be the rigorous enforcement of the existing laws against the purchase of alcohol by minors. The plaintiffs, of course, cannot obtain these remedies through this litigation against these named defendants.

In any event, if outlawing the actual sale and purchase is insufficient to remedy the alleged injuries (which is the premise underlying the plaintiffs' theories), then outlawing mere advertising must be insufficient as well. Consequently, the plaintiffs cannot demonstrate redressability. If these plaintiffs are convinced that alcohol advertising (i.e., First Amendment commercial speech) should be outlawed, then the means must be by legislation or constitutional amendment, not by judicial fiat.

For the foregoing reasons, we hold that the plaintiffs do not have standing to assert their claims in federal court. Accordingly, we **VACATE** the orders of the district courts and **REMAND** these cases to the district courts with instructions to **DISMISS** for lack of jurisdiction.