**Randy KREFT and Colleen Kreft, Plaintiffs–Appellants,**

v.

**ADOLPH COORS COMPANY, Coors Brewing Company, Bacardi USA, Inc., Kobrand Corporation, Beer Institute Inc., Heineken USA, Inc., Brown–Forman Corporation, Diageo North America, Inc., and Mark Anthony Brands, Inc., Defendants–Appellees.**

No. 05CA2315.

Colorado Court of Appeals, Div. I.

Oct. 4, 2007.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Straus & Boies, LLP, Barry Boughman, Steven M. Feder, Mark J. Schirmer, Denver, CO, for Plaintiffs–Appellants.

Wells, Anderson & Race, LLC, Mary A. Wells, L. Michael Brooks, Jr., Denver, CO; Wiley Rein, LLP, Brian Nuterangelo, Helgi C. Walker, Washington, D.C., for Defendants–Appellees Adolph Coors Company and Coors Brewing Company.

Temkin Wielga & Hardt, LLP, Mark Wielga, Nathan M. Longenecker, Denver, CO, for Defendant–Appellee Bacardi USA, Inc.

Baker & Hostetler, LLP, Mary Price Birk, Paul Enockson, Denver, Colorado, for Defendant–Appellee Kobrand Corp.

Socha, Perczak, Setter & Anderson, P.C., Charles Q. Socha, Su–Lyn Combs, Denver, CO; Wildman, Harrold, Allen & Dixon, LLP, Anne G. Kimball, Sarah L. Olson, Chicago, IL, for Defendant–Appellee Beer Institute.

Davis Graham & Stubbs, LLP, Charles L. Casteel, Denver, CO; Simpson Thacher & Bartlett LLP, David W. Ichel, Bryce L. Friedman, New York, NY, for Defendant–Appellee Heineken USA, Inc.

Holland & Hart, LLP, Peter C. Houtsma, Scott S. Barker, Denver, CO, for Defendant–Appellee Brown–Forman Corporation.

Featherstone Petrie Desisto, LLP, Bruce A. Featherstone, Denver, CO; Sullivan & Cromwell, LLP, Phillip L. Graham, Jr., Bradley P. Smith, New York, NY, for Defendant–Appellee Diageo North America, Inc.

Lathan & Watkins, LLP, Peter L. Winik, Washington, D.C.; Temkin Wielga & Hardt LLP, Mark Wielga, Nathan M. Longenecker, Denver, CO, for Defendant–Appellee Mark Anthony Brands, Inc.

Opinion by Judge FURMAN.

Plaintiffs, Randy Kreft and Colleen Kreft, appeal the district court's judgment dismissing their class action complaint against defendants, Adolph Coors Company, Coors Brewing Company, Bacardi USA, Inc., Kobrand Corporation, Beer Institute Inc., Heineken USA, Inc., Brown–Forman Corporation, Diageo North America, Inc., and Mark Anthony Brands, Inc., for lack of standing under C.R.C.P. 12(b)(5). We affirm the judgment, dismiss the appeal in part, and remand for awards of attorney fees.

In so doing, we join other courts across the country that have rejected virtually identical class action complaints against these or similar defendants. See, e.g., Alston v. Advanced Brands & Importing Co., No. Civ. 05–72629, 2006 WL 1374514 (E.D.Mich., May 19, 2006) (dismissing for failure to state a claim upon which relief can be granted), vacated, 494 F.3d 562 (6th Cir.2007) (remanding to dismiss for lack of standing) (Alston II); Eisenberg v. Anheuser–Busch, Inc., No. 1:04–CV–1081, 2006 WL 290308 (N.D.Ohio, Feb.2, 2006), vacated sub nom. Alston II (remanding to dismiss for lack of standing); Goodwin v. Anheuser–Busch Cos., No. BC310105, 2005 WL 280330 (Cal.Sup.Ct., Jan. 28, 2005); Hakki v. Zima Co., No. 03–9183, 2006 WL 852126 (D.C.Sup.Ct., Mar. 28, 2006), aff'd, No. 06–CV–467, 926 A.2d 722 (D.C. Ct.App. June 26, 2007); Tomberlin v. Coors Co., No. 05CV545, 2006 WL 4808298 (Wisc.Cir.Ct., Feb. 16, 2006).

## I. Background

Plaintiffs filed a class action complaint alleging that alcohol advertisements encouraged underage children to use "family assets" illegally to purchase or consume alcoholic beverages. The complaint stated causes of action for violations of the Colorado Consumer Protection Act, unjust enrichment, and negligence. Plaintiffs sought disgorgement of billions of dollars, actual damages, and a broad injunction against defendants' national advertising of their products.

Defendants filed a joint motion to dismiss under C.R.C.P. 12(b)(5) asserting plaintiffs lacked standing. The district court granted defendants' motion, concluding plaintiffs' complaint did not show actual injury to a legally protected right. The district court then granted defendants' motion for attorney

fees under section 13–17–201, C.R.S.2007, but deferred ruling on the amount of those fees.

This case presents two interrelated issues about the sufficiency of the complaint:

(1) Did plaintiffs' complaint allege actual injury to a legally protected right?

(2) If not, should plaintiffs be granted leave to amend their complaint?

Because we decide these issues in defendants' favor, we also consider whether the district court properly awarded attorney fees to defendants pursuant to section 13–17–201, and whether fees may be awarded on appeal. We address each question in turn.

## II. Sufficiency of the Complaint

Plaintiffs contend the district court erred in dismissing their complaint pursuant to C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted. They contend their complaint alleged actual injury to legally protected rights. We disagree.

█ We review de novo a district court's C.R.C.P. 12(b)(5) order of dismissal. *Sweeney v. United Artists Theater Circuit, Inc.*, 119 P.3d 538, 539 (Colo.App.2005). While we confine our review to the four corners of the complaint, we must accept as true all material facts alleged by plaintiffs and draw all inferences in plaintiffs' favor. *See Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1099 (Colo.1995).

### A. Standing

█ To defeat a C.R.C.P 12(b)(5) motion to dismiss, a plaintiff must have standing to bring suit. *Grossman v. Dean*, 80 P.3d 952, 958 (Colo.App.2003). A plaintiff has standing if (1) the plaintiff was injured in fact; and (2) the injury was to a legally protected interest. *Romer v. Colo. Gen. Assembly*, 810 P.2d 215, 218 (Colo.1991).

### 1. Injury in Fact

█ Injury in fact exists if "the action complained of has caused or has threatened to cause injury." *Id.* (quoting *Colo. Gen. Assembly v. Lamm*, 700 P.2d 508, 516 (Colo. 1985)). However, the injury must be "direct and palpable," not indirect, remote, or uncertain. *O'Bryant v. Pub. Utils. Comm'n*, 778 P.2d 648, 653 (Colo.1989) ("the alleged injury [must] be sufficiently direct and palpable to allow a court to say with fair assurance that there is an actual controversy proper for judicial resolution"); *Olson v. City of Golden*, 53 P.3d 747, 752 (Colo.App.2002).

█ Plaintiffs' complaint alleges that defendants direct alcohol advertisements to underage consumers, benefit monetarily from these advertisements, and contribute to human suffering associated with underage drinking. However, regarding plaintiffs' status the complaint only says:

Plaintiffs … are residents of Colorado and were injured by Defendants' conduct as alleged herein ….

Plaintiffs … are residents of Colorado, and are members and proposed representatives of the Guardian Class and the Injunctive Class as defined herein.

Accepting these and all other allegations of material fact in the complaint as true, and drawing all inferences in favor of plaintiffs, we nonetheless conclude dismissal was proper because plaintiffs' complaint does not indicate they have suffered any injury in fact. Several deficiencies in the complaint support this conclusion.

First, the complaint does not allege plaintiffs have or ever had a son or daughter under the age of twenty-one. Thus, plaintiffs' complaint does not plead facts showing they had a child consumer who suffered injury.

Second, the complaint does not indicate that any such child, while under the age of twenty-one, viewed or heard defendants' advertisements, let alone whether any of defendants' advertisements had such a profound effect that they induced the child to use "family assets" to purchase or consume one of defendants' products illegally. *See Alston II*, 494 F.3d at 565.

Finally, while the complaint contends plaintiffs represent classes of persons whose children used funds to purchase alcoholic beverages, the complaint does not indicate whether a child used money to consume alcoholic beverages and, if so, whether those funds were plaintiffs' or the child's. *See*

*Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants").

### 2. Legally Protected Interest

■ A legally protected interest must emanate "from a constitutional, statutory, or judicially created rule of law that entitles the plaintiff to some form of judicial relief." *Bd. of County Comm'rs v. Bowen/Edwards Assocs., Inc.,* 830 P.2d 1045, 1053 (Colo.1992).

Plaintiffs contend they suffered injury to two legally protected interests: (1) an economic interest in "family funds"; and (2) a parental interest in raising children and protecting them from defendants' advertisements. We are not persuaded.

#### a. Economic Interest

Plaintiffs contend they have standing and are entitled to recover because they suffered direct economic injury when underage children wrongfully spent money on alcohol, depleting "family funds." We disagree.

■ We are unable to find a case in Colorado—or elsewhere—that recognizes a parent's right to sue for the economic consequences of a child's illegal act. However, Colorado recognizes a parent's right to sue for economic damages when the minor child has sustained physical injury. *See Kinsella v. Farmers Ins. Exch.,* 826 P.2d 433, 435 (Colo.App.1992). Because plaintiffs plead no injury to their offspring, physical or otherwise, they cannot establish economic injury. *See Farmers Ins. Exch. v. Chacon,* 939 P.2d 517, 521 (Colo.App.1997) (claims separate from the injured party's claim for his or her own personal injuries are derivative claims that depend upon the injured party's right to recover).

#### b. Parental Interest

Plaintiffs also contend they have standing to sue to stop defendants' advertising that is "designed to encourage the children to commit illegal acts." Again, we disagree.

The cases cited by plaintiffs for the proposition that parents have a fundamental right to protect their children from defendants' advertising do not involve parental claims against private companies. *See Troxel v. Granville,* 530 U.S. 57, 60, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (concerning a state statute permitting grandparent visitation rights); *N.A.H. v. S.L.S.,* 9 P.3d 354, 357 (Colo.2000)(concerning competing presumptions in a paternity proceeding); *In re R.G.B.,* 98 P.3d 958, 959 (Colo.App.2004) (concerning magistrate's advisement of right to a hearing before a judge in a termination of parental rights proceeding).

Thus, because plaintiffs' complaint does not establish injury to a legally protected right, the district court properly dismissed it.

### B. Amendment of Complaint

Plaintiffs next contend they should be granted leave to amend their complaint. We disagree.

After a responsive pleading has been filed, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." C.R.C.P. 15(a).

■ Plaintiffs stated at the end of their sixty-six-page opposition to defendants' C.R.C.P. 12(b)(5) motion, that "even if the Court were to decide that the Complaint lacks some level of specificity, the Court should allow the Plaintiffs to amend their Complaint." The district court did not rule on plaintiffs' request. Because C.R.C.P. 7(b)(1) requires that requests for a court order "shall be made by motion," stating both the "grounds" and the requested relief "with particularity," we conclude plaintiffs' generalized statement was not a valid motion for leave to amend.

■ Moreover, if plaintiffs believed they had made a valid motion for leave to amend on which the court did not rule, they could have made a proper request for such a ruling or sought other post-order relief prior to appeal. *See Wilcox v. Reconditioned Office Sys. of Colo., Inc.,* 881 P.2d 398, 400 (Colo. App.1994) (plaintiff may invoke C.R.C.P. 59 or 60(b) to seek leave to amend). Thus, plaintiffs have waived their right to raise this

issue on appeal. *See Szaloczi v. John R. Behrmann Revocable Trust*, 90 P.3d 835, 844 (Colo.2004); *Fladung v. City of Boulder*, 165 Colo. 244, 247–48, 438 P.2d 688, 690 (1968).

### III.   Attorney Fees

Finally, plaintiffs contend the district court erred in awarding attorney fees to defendants pursuant to section 13–17–201. Defendants argue they also are entitled to an award of attorney fees on appeal. We address these contentions in turn.

### A.   District Court Award

Plaintiffs argue section 13–17–201 does not apply to an action that includes nontort claims. We dismiss this portion of plaintiffs' appeal.

■   After the district court granted defendants' motion to dismiss, it stated that pursuant to section 13–17–201, defendants "are awarded their reasonable attorney fees and costs in defending this action." However, the district court did not rule on the amount of those fees and costs. Because that amount is still pending, the award is not ripe for appellate review. *See, e.g., Seefried v. Hummel*, 148 P.3d 184, 191 (Colo.App.2005)(district court's reserving judgment on motion for sanctions under section 13–17–201 rendered issue not ripe for appellate review); *see also Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072, 1074 (Colo. 1988).

### B.   Attorney Fees on Appeal

■   Defendants argue they are entitled to an award of attorney fees reasonably incurred to defend this appeal. We agree.

■   An award of attorney fees is mandatory when a trial court dismisses a tort action under C.R.C.P. 12(b). *See* § 13–17–201; *Wark v. Bd. of County Comm'rs*, 47 P.3d 711, 717 (Colo.App.2002)(affirming dismissal of plaintiffs' contract and tort claims on basis of C.R.C.P. 12(b) and awarding defendant attorney fees). A party who successfully defends a dismissal order is entitled to recover reasonable attorney fees incurred on appeal. *Wilson v. Meyer*, 126 P.3d 276, 284 (Colo.App.2005).

We therefore remand this case to the district court to determine the amount of reasonable attorney fees defendants incurred in this appeal.

In light of our holding, we need not address the parties' remaining contentions.

The judgment is affirmed, and the case is remanded for further proceedings consistent with this opinion. The appeal is dismissed as to the award of fees incurred in the trial court.

Judge MÁRQUEZ and Judge ROY concur.