**Donni COCHRAN, Plaintiff–Appellant,**

v.

**WEST GLENWOOD SPRINGS SANITATION DISTRICT, Defendant–Appellee.**

**No. 09CA0527.**

Colorado Court of Appeals, Div. A.

Nov. 25, 2009.

Joseph W. Olt, Jr., Grand Junction, Colorado, for Plaintiff–Appellant.

Gary L. Doehling, Grand Junction, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

Plaintiff, Donni Cochran, filed a negligence action alleging that defendant, West Glenwood Springs Sanitation District (the District), failed to properly maintain a sewer line and thereby damaged her home. Based on the District's C.R.C.P. 12(b)(5) motion, the trial court dismissed plaintiff's complaint for failure to comply with section 13–80–102, C.R.S.2009, the applicable two-year statute of limitations. Plaintiff appeals, contending that the court erred in refusing to toll the statute of limitations as provided by the Colorado Governmental Immunity Act (CGIA), section 24–10–109(5), C.R.S.2009. We conclude that the trial court correctly determined that plaintiff's complaint was untimely and, therefore, affirm. We remand for an award of the District's appellate attorney fees.

## I. Background

■ The CGIA requires a person claiming to have been injured by a public entity to file written notice within 180 days after the date she discovers the injury as a jurisdictional prerequisite to filing an action. § 24–10–109(1), C.R.S.2009. The "date of the discovery of the injury" is the date the person knew or should have known of both the injury and its cause. *See, e.g., City & County of Denver v. Crandall,* 161 P.3d 627, 632–33 (Colo.2007) (180–day notice period began when claimants experienced respiratory and skin problems and attributed them to environmental conditions at their workplace).

After a timely notice is filed, a claimant must wait to file suit until either she receives notice that the public entity has denied the claim or 90 days have elapsed. § 24–10–109(6), C.R.S.2009. The statute further provides that:

Any action brought pursuant to this article shall be commenced within the time period provided for that type of action in articles 80 and 81 of title 13, C.R.S., relating to limitation of actions, or it shall be forever barred; *except that, if compliance with the provisions of subsection (6) of this section*

*[the 90–day waiting period] would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of subsection (6) of this section.*

§ 24–10–109(5) (emphasis added).

Here, plaintiff's claim accrued, and she discovered her injury, on August 24, 2006. Plaintiff timely filed a notice of claim on November 21, 2006. The District did not respond and the 90–day waiting period expired on February 19, 2007. Plaintiff did not file her complaint until November 18, 2008.

The District moved to dismiss, asserting, as relevant here, that section 24–10–109(5) did not apply to extend plaintiff's time for filing her complaint because it only allows tolling when a statute of limitations would otherwise expire during the 90–day waiting period. In response, plaintiff argued that tolling is required whenever a claim against a government entity is filed within 90 days after the statute of limitations expired, regardless of when the waiting period elapsed. The trial court agreed with the District that when, as here, 90 days have elapsed before the statute of limitations has expired, the statute of limitations is not tolled. Because the applicable limitation period was two years, and without tolling it ran on August 24, 2008, before plaintiff filed her claim, the trial court dismissed the complaint. This appeal followed.

## II. Standard of Review

■ When there are no disputed facts, we review the dismissal of a complaint as a matter of law de novo. *Asphalt Specialties, Co. v. City of Commerce City,* 218 P.3d 741, 744 (Colo.App.2009); *Kreft v. Adolph Coors Co.,* 170 P.3d 854, 857 (Colo.App.2007).

■ We also review de novo a trial court's statutory interpretation. *Sperry v. Field,* 205 P.3d 365, 367 (Colo.2009). In interpreting statutes, we give effect to the legislature's intent. *Reg'l Transp. Dist. v. Aurora Pub. Sch.,* 45 P.3d 781, 782 (Colo.App.2001). If the language of a statute is clear and unambiguous, we give the words their ordi-

nary meaning and apply the statute as written. *Id.*

### III. Section 24–10–109(5)

■ Section 24–10–109(5) states that, in an action brought under the CGIA, the statute of limitations relevant to the claim applies unless "*compliance* with" the 90–day waiting period "would otherwise result in the barring of an action." In that circumstance, the statute of limitations is "extended by the time period *required for compliance*" with the 90–day waiting period (emphasis added).

■ Thus, by its terms, the CGIA provides that the statute of limitations is tolled only when the 180–day notice is filed and the 90–day waiting period begins within 90 days of the expiration of the applicable statute of limitations. Section 24–10–109(5), in plainly expressed language, allows tolling only when a claimant would otherwise be forced to choose between waiting for 90 days to elapse and filing her complaint within the time allowed by the applicable statute of limitations.

■ The need for an exception to allow tolling is apparent: unlike the requirement of filing a notice of claim, the waiting period required of a claimant is a matter outside of her control. Thus, tolling under section 24–10–109(5) is warranted when a statute of limitations expires sooner than the maximum time for filing a notice of claim (180 days) plus the maximum time a plaintiff must wait for compliance (90 days). *See, e.g.*, § 13–80–104(1)(b)(I)(B), C.R.S.2009 (providing 90–day statute of limitations for third-party contribution claims under the Construction Defect Action Reform Act); § 13–80–109, C.R.S. 2009 (providing statute of limitations for counterclaims arising out of the same transaction or occurrence as the underlying claim of one year from the date of service of the underlying complaint; potentially requiring tolling if complaint was served more than 95 days before discovery of the injury). We note that, by referring generally to articles 80 and 81 of title 13 of the Colorado Revised Statutes, the legislature appears to assume and anticipate that there are, or could be enacted in the future, limitations periods of fewer than 270 days. *See* § 24–10–109(5).

In contrast, plaintiff's suggested interpretation would automatically extend the statute of limitations by 90 days in any action against a public entity. However, that would render meaningless the first clause of subsection (5), which provides that "[a]ny action brought pursuant to this article shall be commenced within the time period provided [by the applicable statute of limitations] or it shall be forever barred." *See Johnston v. City Council*, 177 Colo. 223, 228, 493 P.2d 651, 654 (1972) (it is a fundamental rule of construction to give effect to every word of a statute if possible). Indeed, plaintiff's interpretation turns the exception into the rule. § 24–10–109(5) (the applicable statute of limitations applies "except that" it is tolled if required for compliance with the waiting period).

■ Accordingly, we agree with the District and the trial court that, under section 24–10–109(5), a statute of limitations is not tolled when the 90–day waiting period required by the CGIA has expired prior to the expiration of the applicable statute of limitations.

Here, plaintiff timely filed her notice and, even after waiting the required 90 days, still had 642 days remaining before the two-year statute of limitations expired. Thus, we conclude that the trial court correctly determined that the tolling provision was inapplicable. Because it is undisputed that, absent tolling, plaintiff's November 18, 2008 complaint was untimely, we further conclude that the trial court properly dismissed the complaint.

### IV. Constitutional Issues

■ Plaintiff argues alternatively that under our interpretation, section 24–10–109(5) violates principles of due process and equal protection. However, because she did not raise these arguments before the trial court, we do not address them here. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992) (arguments never presented to, considered by, or ruled upon by a trial court will not be considered on appeal).

## V. Attorney Fees

■ Based on our disposition, we agree with the District that it must be awarded reasonable attorney fees in defending this appeal. § 13–17–201, C.R.S.2009; *Kreft,* 170 P.3d at 859 (under section 13–17–201, party who successfully defends a dismissal on appeal is entitled to recover its reasonable attorney fees) (citing *Wilson v. Meyer,* 126 P.3d 276, 284 (Colo.App.2005)). The amount of fees shall be determined by the trial court. *See* C.A.R. 39.1.

The judgment is affirmed and the case is remanded for a determination of the amount of attorney fees incurred by the District for this appeal.

Judge PLANK * and Judge NIETO * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.