Randolph GRAHAM, Plaintiff–Appellant,

v.

Terry MAKETA, Defendant–Appellee.

No. 08CA1455.

Colorado Court of Appeals, Div. I.

Jan. 21, 2010.

Randolph Graham, Pro Se.

No Appearance for Defendant–Appellee.

Opinion by Judge BOORAS.

Plaintiff, Randolph Graham, an inmate, appeals judgments dismissing two related actions in which he sought relief for alleged violations of his constitutional rights while incarcerated at the El Paso County Criminal Justice Center (EPCCJC). We affirm.

On August 7, 2007, plaintiff filed El Paso County District Court action 07CV276 (the first action) seeking a preliminary injunction and damages for alleged constitutional violations based on allegations that EPCCJC officials (1) had removed (and apparently not replaced) the printer in the EPCCJC law library, and (2) had a practice of improperly refusing to allow inmates to take paperwork to court proceedings if they were represented by counsel.

On October 3, 2007, plaintiff filed El Paso County District Court action 07CV305 (the second action). In this action, plaintiff again sought injunctive relief and damages for the same constitutional violations alleged in the first action. Plaintiff also alleged that EPCCJC officials "failed to provide sufficient legal supplies" and improperly charged for services such as copies, notary, and inmate trust account statements.

On November 15, 2007, the district court dismissed the first action based on plaintiff's failure to comply with a delay prevention order.

On December 11, 2007, the district court denied plaintiff's request for injunctive relief in the second action and dismissed the case. The court concluded that the absence of a printer in the EPCCJC law library was merely causing plaintiff "inconvenience" and that "[t]aking all of the facts stated as true, there is no claim stated upon which relief can be granted."

In March and April 2008, plaintiff sent letters to the court in both actions inquiring about the status of the cases. On May 22, 2008, a senior district court judge entered a signed and dated order informing plaintiff that both actions had been dismissed as of that date and stating the basis for the dismissals.

Plaintiff then filed a notice of appeal seeking review of the dismissal judgments in both actions.

Plaintiff contends that the district court erred in dismissing the actions. We disagree.

## I. Dismissal of the First Action

■ Although plaintiff purports to appeal the dismissal of both actions, he has not asserted any specific error concerning the dismissal of the first action, which was based on his failure to comply with the district court's delay prevention order. The dismissal order did not specify whether the action was being dismissed "with" or "without" prejudice, and so it is presumed to be without prejudice. C.R.C.P. 41(b)(3). However, in the second action, which was in effect a refiling of the first action, plaintiff repeated the claims that were raised in the first action, and these claims were ultimately dismissed with prejudice for failure to state a claim for relief. Because the second action raised issues identical to those in the first action, we need not decide whether the order dismissing the first action is final and appealable. *See Squire v. Dist. Court,* 155 Colo. 125, 127, 393 P.2d 4, 5 (1964).

At any rate, it appears that plaintiff only alleges error in this appeal as to the dismissal of the second action. Moreover, the record reflects that the delay prevention order properly notified plaintiff both that certain actions were required of him, and that failure to comply within the specified thirty-day period would result in dismissal of the case without further notice. *See* C.R.C.P. 41(b)(2), 121 § 1–10; *see also Koh v. Kumar,* 207 P.3d 900, 902 (Colo.App.2009). Under these circumstances, we perceive no error in the judgment dismissing the first action, and, therefore, affirm that judgment.

## II. Dismissal of the Second Action

Although, in the second action, plaintiff raised a number of claims in his complaint, the district court's order only specifically addressed the claim that removal of a printer in the jail law library deprived plaintiff of access to legal assistance. The court dismissed the claim challenging the removal of the printer, finding that plaintiff had failed to state a proper claim for relief under C.R.C.P. 12(b)(5).

■ We review de novo a district court's C.R.C.P. 12(b)(5) order of dismissal. *Sweeney v. United Artists Theater Circuit, Inc.,* 119 P.3d 538, 539 (Colo.App.2005). We must accept as true all material facts alleged by the plaintiff and must draw all inferences in the plaintiff's favor. *See Kreft v. Adolph Coors Co.,* 170 P.3d 854, 857 (Colo.App.2007). Dismissal is proper when the plaintiff's factual allegations cannot support a claim as a matter of law. *See Negron v. Golder,* 111 P.3d 538, 542 (Colo.App.2004).[1]

We agree with the district court's determination that plaintiff's claim as to the printer removal should be dismissed under C.R.C.P. 12(b)(5) because plaintiff did not establish harm or injury. To the extent that the order fails to address plaintiff's remaining claims, we affirm the dismissal as to those claims under a different rationale based on plain-

tiff's failure to properly or sufficiently allege exhaustion of available administrative remedies. *See Consumer Crusade, Inc. v. Clarion Mortgage Capital, Inc.,* 197 P.3d 285, 288 (Colo.App.2008) (an appellate court may affirm a correct judgment based on reasoning different from that of the trial court).

### A. Removal of the Printer from the Law Library

■ Plaintiff contends that his constitutional right to meaningful access to the courts was violated by the actions of prison officials removing the printer from the detention center law library. This claim was correctly dismissed.

■ To establish a violation of a prisoner's right of meaningful access to the courts, the prisoner must show actual injury or harm. *Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Actual injury is not shown simply by establishing that the prison's law library or legal assistance program is "subpar in some theoretical sense," but rather the prisoner must show that the alleged shortcomings hindered his or her ability to pursue a legal claim. *Id.* at 351, 116 S.Ct. 2174.

The district court found that plaintiff's twenty-two-page, handwritten petition with attachments showed that plaintiff is capable of communicating his needs and legal issues. Because the district court properly found that removal of the printer from the prison law library did not prevent plaintiff from raising legal claims in the courts, plaintiff's claim was correctly dismissed. *See Brinson v. McKeeman,* 992 F.Supp. 897, 910 (W.D.Tex.1997)(no constitutional right of access to carbon paper, typewriters, copy machines, or other reproduction equipment); *see also Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir.1989)(prisoner has no constitutional right to a memory typewriter).

---

1. Plaintiff's opening brief contains numerous factual allegations that were not contained in his pleadings before the district court. We decline to consider these new allegations and confine our review to the materials that were before the district court. *See Kreft,* 170 P.3d at 857 (appellate review is confined to the four corners of the complaint); *see also Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095, 1099 (Colo.1995) (court must not go beyond confines of the pleading).

### B. Remaining Claims

■ Plaintiff asserts other claims that were not addressed by the district court. Although he raised these claims in his complaint, he did not make any attempt to allege that he had exhausted administrative remedies as to those claims. His only allegation of exhaustion of administrative remedies was that he "witnessed the denial of the grievance procedure concerning the removal of the printer from the law library ... and believes that his grievance on the matter would have the identical disposition [and] thus ... believes he has exhausted his administrative remedies at [EPCCJC]." This allegation specifically concerned only the printer claim, and did not relate to plaintiff's numerous other claims.[2]

Section 13–17.5–102.3(1), C.R.S.2009, specifically precludes inmates from bringing civil actions based on "prison conditions" that allegedly violate statutory or constitutional provisions "until all available administrative remedies have been exhausted." *See Glover v. State,* 129 P.3d 1083, 1085 (Colo.App.2005) (in enacting section 13–17.5–102.3, the General Assembly required an inmate to exhaust the last step in the inmate grievance process before proceeding to court). The statute also provides that "[f]ailure to allege in the civil action that all available administrative remedies have been exhausted in accordance with this subsection ... shall result in dismissal of the civil action." § 13–17.5–102.3(1).

Here, the exhaustion requirements of section 13–17.5–102.3(1) applied to plaintiff's action because he alleged that prison conditions he experienced at EPCCJC violated his constitutional right of access to the courts. *See Warburton v. Underwood,* 2 F.Supp.2d 306, 311 (W.D.N.Y.1998)(holding that claim of denial of access to the courts concerned "prison conditions" and was, therefore, subject to exhaustion requirement under substantially similar federal prison litigation reform statute); *see also Booth v. Churner,* 206 F.3d 289, 294 (3d Cir.2000) ("conditions of confinement" phrase contained in federal prison litigation reform statute was broad enough to encompass numerous complaints, including allegedly incomplete prison law libraries), *aff'd,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Because plaintiff failed to allege that he had exhausted administrative remedies as to any claim other than the printer claim, plaintiff failed to satisfy the requirements of section 13–17.5–102.3(1), as to the claims that were not addressed by the district court.

The judgments are affirmed.

Judge TAUBMAN and Judge CRISWELL *, concur.

---

**2.** We need not decide whether plaintiff's allegation concerning the printer was sufficient to satisfy the exhaustion requirement because the claim was dismissed for failure to state a claim upon which relief may be granted, which the district court was permitted to do under section 13–17.5–102.3(2), C.R.S.2009, absent exhaustion.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.