*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0172p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee,*

     *v.*

SHELDON WILLIAMS, aka Ladon Sheldon
Vaughn,

                *Defendant-Appellant.*

No. 09-5331

———————————

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 04-00015-001—Joseph H. McKinley, Jr., District Judge.

Decided and Filed: June 14, 2010

Before: MERRITT, COOK, and KETHLEDGE, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Frank W. Heft, Jr., Laura R. Wyrosdick, OFFICE OF THE FEDERAL
DEFENDER, Louisville, Kentucky, for Appellant. Monica Wheatley, Terry M. Cushing,
ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

     COOK, J., delivered the opinion of the court, in which KETHLEDGE, J., joined.
MERRITT, J. (pp. 5-8), delivered a separate opinion concurring in the result.

———————————

**OPINION**

———————————

     COOK, Circuit Judge. Defendant Sheldon Williams appeals from the district court's
order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Because the
career offender guidelines—not crack cocaine guidelines—controlled his original sentence,
the district court lacked jurisdiction to resentence Williams under § 3582(c)(2).
Accordingly, we affirm the denial of his motion.

1

I.

In 2005, Williams pleaded guilty to possession of 5 or more grams of cocaine base with intent to distribute and to being a felon in possession of a firearm. Applying the Drug Quantity Table then in effect, Williams's crack cocaine offense carried a base offense level of 28. But his extensive criminal history earned him the career offender label pursuant to USSG § 4B1.1, which yielded an offense level of 37. Finding that Williams accepted responsibility for his actions, the court adjusted the offense level down to 34. With his criminal history category pegged at VI, the Sentencing Guidelines produced a range of 262 to 327 months' imprisonment. After the government filed a § 5K1.1 motion for substantial assistance, the district court sentenced Williams to serve 140 months on the crack charge, concurrent with 120 months on the gun offense.

In 2007, the Sentencing Commission promulgated Amendment 706, which reduced by two the base offense level for most offenses involving crack cocaine, including Williams's. Soon thereafter, Amendment 713 added Amendment 706 to the list of amendments in USSG § 1B1.10(c), giving it retroactive effect.

Williams filed a motion under § 3582(c)(2) seeking a reduced sentence due to the retroactive amendment, which lowered the base offense level applicable to his crack cocaine conviction. In its order denying Williams's resentencing motion, the district court stated:

> The Defendant received a "non-guideline" sentence originally and the Court remains convinced it is an appropriate sentence. Therefore, IT IS HEREBY ORDERED that no reduction in sentence is allowed and all provisions of the Judgment and Commitment entered May 16, 2005, shall remain in full force and effect.

Williams timely appealed.

II.

Although not precisely clear, the order suggests that the district court believed that it possessed authority to resentence Williams—and therefore had jurisdiction—but declined to do so in an exercise of its discretion. We review such decisions for abuse of discretion. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004). But first we must satisfy ourselves not only of our own jurisdiction, but also of the district court's. *Bender v.*

*Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the lower federal court lacked jurisdiction, we possess appellate jurisdiction, "'not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'" *Alston v. Advanced Brands & Importing Co.*, 494 F.3d 562, 564 (6th Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)).

As a purely legal issue, we review the threshold jurisdictional question de novo. *United States v. Brown*, 276 F.3d 211, 214 (6th Cir. 2002); *see also United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008) ("The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo."). "[S]ection 3582 sets forth a *statutory* basis for limiting the district courts' jurisdiction" to modify a previously imposed sentence. *United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Finding that the district court lacked jurisdiction, we affirm the denial of the motion on that basis.

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Section 3582(c)(2) "permits modification of a sentence only where the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Parker*, No. 08-6253, 2009 WL 4927949, at *1 (6th Cir. Dec. 21, 2009) (quoting 18 U.S.C. § 3582(c)(2)).

Because the district court originally sentenced him using the career offender guideline, rather than the crack cocaine guideline,[1] Williams would have been subject to the same sentencing range even if Amendment 706 existed at the time of his original

---

[1] The concurrence takes the view that Williams's career offender designation increased his total offense by 10 levels, from 27 to 37, and then reproaches us for "ignor[ing] the facts that the defendant's guideline range was reached by consulting a number of different sentencing guidelines and policy statements." But the career offender guidelines do not work this way. Career offender status simply specifies an offense level of 37 for offenses (like Williams's) carrying a statutory maximum of life (unless the applicable offense level exceeds 37). So the district court did not determine Williams's applicable guidelines range using the (later-amended) crack cocaine guidelines, but by applying the career offender guidelines, which, after adjustments, produced a range of 262 to 327 months (later reduced in response to the government's substantial assistance motion). The amendments to the crack cocaine guidelines did not affect that range, leaving Williams ineligible for a sentencing reduction.

sentence.**[2]** *See* USSG § 4B1.1 (providing that the career offender base offense level applies where it is greater than the applicable base offense level under § 2D1.1). Accordingly, Williams's sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as § 3582(c)(2) requires. *See United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009) (because, as a career offender, Amendment 706 did not affect the defendant's ultimate sentencing range, "the district court did not err in declining to grant his motion for a reduction in sentence"); *see also United States v. Leasure*, 331 F. App'x 370, 378 (6th Cir. 2009). And since the question is jurisdictional, *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009), we conclude that the district court lacked authority to reach the discretionary resentencing question.

III.

For these reasons, we affirm.

---

**[2]** Citing *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009), Williams argues that he was not, in fact, sentenced pursuant to the career offender guidelines because he received a downward departure that put his sentencing range where it would have been had the court instead employed the crack cocaine guidelines. But *McGee* is distinguishable. There, after calculating the defendant's offense level using the career offender guidelines, the court explicitly found that the career offender classification overrepresented the defendant's criminal history, and therefore granted a downward departure, choosing to substitute the crack cocaine guidelines in calculating the range. Here, by contrast, the court granted Williams a downward departure based on his substantial assistance, not because the career offender guidelines overstated his criminal history. And the court's guidelines calculations remained at all times based on the career offender provisions; the court calculated the crack guidelines only to verify that the career offender guidelines produced a higher number and therefore controlled, not to determine his applicable sentencing range. *See United States v. Martinez*, 572 F.3d 82, 84–85 (2d Cir. 2009) (distinguishing *McGee* on this basis); *United States v. Richardson*, 339 F. App'x 60, 61–62 (2d Cir. 2009) (same).

---

## CONCURRING IN THE RESULT

---

MERRITT, Circuit Judge, concurring in the result. 18 U.S.C. § 3582(c)(2)[1] provides that a sentencing court may reconsider and lower a sentence when the defendant's earlier "sentencing range" has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "after considering . . . section 3553(a) . . . ." In this case, the defendant's sentence rested on an original "sentencing range" based on (1) the quantity of crack cocaine possessed by defendant, (2) enhanced by 10 levels for his "career offender" status, and (3) reduced by 6 levels for substantial assistance. I believe that the district court recognized that it could reduce the defendant's original sentence by 2 levels under the new crack cocaine guidelines, but decided, after reflection and reconsideration, that the original sentence of 140 months was the most "appropriate" sentence for Williams. I, therefore, concur in the majority's decision to affirm the judgment below but disagree with the majority's holding that the district court lacked the authority to reduce the defendant's sentence. But I do not agree that the statute – which tells the court to consider section 3553(a) in the process – should be read to eliminate all judicial discretion.

---

[1] 18 U.S.C. § 3582(c)(2), Imposition of a Sentence of Imprisonment, states in relevant part:

> . . .
>
> (c) Modification of an imposed term of imprisonment.– The court may not modify a term of imprisonment once it has been imposed except that--
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added.)

The defendant's plea agreement contained a stipulation that he possessed approximately 23 grams of cocaine base, which at the time of sentencing set the base offense level at 28 pursuant to U.S.S.G. § 2D1.1(c)(6) (at least 20 but less than 35 grams of cocaine base). He also received a two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). The resulting adjusted offense level of 30 was reduced by 3 levels for acceptance of responsibility for a total offense level of 27, and then increased by 10 levels because defendant was found to be a "career offender" under U.S.S.G. § 4B1.1. With the 3-level reduction for acceptance of responsibility, his adjusted offense level was 34. Williams has a criminal history category of VI, which, when coupled with the offense level of 34, resulted in a sentencing range of 262-327 months. The government made a motion pursuant to U.S.S.G. § 5K1.1 for a 6-level downward departure in exchange for Williams' substantial assistance, which resulted in an offense level of 28. An offense level of 28 combined with the criminal history category of VI resulted in a sentencing range of 140-175 months. The district court sentenced Williams at the bottom of the range to 140 months and 8 years of supervised release.

Williams subsequently requested the retroactive reduction in the base offense level for crack cocaine offenders and sought modification of his sentence under 18 U.S.C. § 3582(c)(2). When the defendant's sentence was recalculated pursuant to the new crack guidelines, the recalculation memorandum reduced the total offense level from the 28 in the original calculation to 26, but found that the recalculation did not produce a lower guideline range due to defendant's status as a career offender. Memorandum of Recalculation dated May 14, 2008 (Dist. Ct. R. 47). The district court subsequently denied the motion for modification in a brief order, stating that "Defendant received a 'non-guideline' sentence originally and the Court remains convinced it is an appropriate sentence." Order dated Feb. 19, 2009 (Dist. Ct. R. 48).

The majority claims that "the district court sentenced [defendant] using the career offender guideline, rather than the crack cocaine guideline" and Williams, therefore, "would have been subject to the same sentencing range even if Amendment 706 existed

at the time of his original sentence. . . .  Accordingly, Williams's sentence is not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'"  Maj. Op. at 3 (citing to U.S.S.G. § 4B1.1, the career offender guideline).  Citing language from the Third and Tenth Circuits, the majority concludes that the district court "lacked authority to reach the discretionary resentencing question."  Maj. Op. at 4.  Quoting from a Tenth Circuit opinion, *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997), the majority writes "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."  Maj. Op. at 3.

The majority ignores the fact that the defendant's guideline range was reached by consulting a number of different sentencing guidelines and policy statements, but the actual sentence originally imposed was decided by the district court, in its discretion, after looking at the range arrived at through calculation *and* all the factors listed in Section 3553(a).  The district court undertook this duty and arrived at a sentence that was within the guideline range.  After receiving defendant's request for modification, the district court requested a recalculation of the guideline range and then, in its discretion, decided that the original sentence imposed should stand. The plain language of Section 3582(c) in no way prohibits such a reevaluation and, at the very least, it is ambiguous as to what the language "based on a sentencing range that has subsequently been lowered" refers when more than one guideline has come into play in arriving at the sentencing range.

To the extent that the majority relies on a policy statement or other language from the guidelines themselves, after *United States v. Booker*, 543 U.S. 220 (2005), all guideline provisions, including career offender status, are advisory and a sentence cannot be "driven by" a particular Guideline provision.  Any interpretation of Section 3582(c) that permits the Sentencing Commission to mandate sentences must be rejected.[2]

---

[2]The Supreme Court heard oral argument on March 30, 2010, in a case that will decide whether *Booker* applies to Section 3582(c)(2) proceedings.  *Dillon v. United States*, 572 F.3d 146 (3d Cir. 2009), *cert. granted*, 130 S. Ct. 797 (2009) (09-6338).  The question presented in *Dillon* is: "Whether the Federal Sentencing Guidelines are binding when a district court imposes a new sentence pursuant to a revised guideline range under 18 U.S.C. § 3582?"

Moreover, any interpretation that reads any consideration of the principles of section 3553(a) entirely out of the process, seems inconsistent with the statutory language.

Whatever may be the law respecting the district court's authority to resentence Williams to a shorter sentence in light of the two-level reduction afforded to crack offenders under the revised guidelines, the district court appears to have assumed that it had that authority and simply chose not to exercise it in this case because it believed the 140-month sentence was correct. The district court understood that the language from Section 3582(c)(2) states that to have his sentence lowered, a defendant's original sentence must be "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." It recognized that the original sentencing range was a continuum based on the drug quantity adjusted by an enhancement based on defendant's career offender status and then readjusted based on his substantial assistance. After considering the case, including its possible constitutional authority under *Booker* and statutory authority under section 3553(a), the district court exercised its discretion in favor of the original sentence. I see no error in this approach and would affirm the judgment on that ground.