Bettye **STEVENSON**, Petitioner,

v.

**INDUSTRIAL COMMISSION OF COLORADO, and Lois V. Michopoulos, Inc., d/b/a Michelles, Respondents.**

No. 84CA0608.

Colorado Court of Appeals, Div. I.

April 25, 1985.

Pikes Peak Legal Services, R. Eric Solem, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa Taylor, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

No appearance for respondent Michopoulos, Inc., d/b/a Michelles.

PIERCE, Judge.

Claimant, Bettye Stevenson, seeks review of a final order of the Industrial Commission awarding her reduced unemployment compensation benefits pursuant to § 8–73–108(9)(a)(XX), C.R.S., then in effect (now found at § 8–73–108(5)(e)(XX), C.R.S. (1984 Cum.Supp.)). Although the Commission applied the wrong statutory subsection, we nevertheless affirm the order.

Claimant was terminated from her position as a cook for Michelle's restaurant (the employer) after she refused to provide the employer with written verification of a trip to the hospital emergency room after an unexcused absence. She stated that she refused to submit the verification because the employer had not required it from other employees.

The hearing officer determined from conflicting evidence that the employer had a rule requiring such verification, and found that the employer's request for verification was reasonable. The Commission ordered a maximum reduction in benefits pursuant to § 8–73–108(9)(a)(XX), C.R.S.

■ Claimant contends that that statutory section does not permit the Industrial Commission to deny unemployment benefits when termination results from a single unauthorized absence from work. We agree.

The statutory provision at issue provides for a maximum reduction of unemployment compensation benefits if termination results "[f]or other reasons including ... excessive tardiness or absenteeism ... or failure to meet established job performance or other defined standards...."

■ The facts of this case do not apply to that portion of the statute. It is obvious, however, that the Commission's findings apply directly to the statutory section now codified as § 8–73–108(5)(e)(VI), C.R.S. (1984 Cum.Supp.), which allows maximum reduction for "[i]nsubordination such as: [d]eliberate disobedience of a reasonable instruction of an employer or his duly authorized representative...."

To return this case to the Commission for reconsideration under the proper section would be wasteful of time, both the Commission's and ours, because the conclusion it would have to reach under its factual findings is foregone. It has reached the proper legal conclusion under the wrong section of the statute.

The order is, therefore, affirmed.

SMITH and BABCOCK, JJ., concur.