Jason G. **MOUNKES,** Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of Colorado and Sears Roebuck & Co.,** Respondents.

No. 09CA2725.

Colorado Court of Appeals, Div. V.

June 10, 2010.

Rehearing Denied July 8, 2010.

Hassler Law Firm, LLC, Lawrence D. Saunders, Pueblo, Colorado, for Petitioner.

John W. Suthers, Attorney General, A.A. Lee Hegner, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondent Sears Roebuck & Co.

Opinion by Judge GABRIEL.

In this unemployment compensation case, petitioner, Jason G. Mounkes (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming a hearing officer's decision disqualifying him from receiving unemployment benefits. The hearing officer found that claimant was disqualified from receiving benefits because he had intentionally falsified a letter notifying his employer, Sears Roebuck & Co. (employer), of his arrest. The hearing officer concluded that such conduct fell within the ambit of section 8–73–108(5)(e)(VII), C.R.S.2009, which provides for disqualification based on

the intentional falsification of "expense accounts, inventories, or other records or reports." Because we conclude that claimant's letter was not a "report" within the meaning of this section, we set aside the Panel's order and remand for an award of benefits to claimant.

## I. Background

Claimant worked as a customer service consultant for employer. His job required him, among other things, to drive customers' automobiles from time to time.

The hearing officer found that employer discharged claimant because he violated employer's policy by intentionally failing to disclose fully the reasons for his arrest for driving under the influence of alcohol (DUI) and possession of marijuana. Specifically, the hearing officer found that when claimant initially reported his arrest, he disclosed only the DUI charge and not the marijuana possession charge.

The hearing officer determined that claimant was disqualified from receiving benefits pursuant to section 8–73–108(5)(e)(VII), which provides for disqualification based on, as pertinent here, the "intentional falsification of expense accounts, inventories, or other records or reports whether or not substantial harm or injury was incurred."

Claimant then filed an administrative appeal. The Panel affirmed the hearing officer's decision, and claimant now appeals.

## II. Discussion

Claimant contends that the Panel erred in concluding that the handwritten letter through which he initially reported his arrest to employer constituted a "report" under section 8–73–108(5)(e)(VII). We agree.

█ We review questions of statutory construction de novo. *Smith v. Colo. Motor Vehicle Dealer Bd.*, 200 P.3d 1115, 1116 (Colo.App.2008). In interpreting statutes, we give effect to the legislature's intent, and if the statutory language is clear and unambiguous, we give the words their ordinary meaning and apply the statute as written. *See Cochran v. West Glenwood Springs Sanitation Dist.*, 223 P.3d 123, 125–26 (Colo.App.

2009). In doing so, we must read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts. *Lujan v. Life Care Centers*, 222 P.3d 970, 973 (Colo. App.2009). We should not interpret the statute so as to render any part of it either meaningless or absurd. *Id.*

█ If the statute is unambiguous, we look no further. *Id.* If, however, the statutory language is ambiguous, then we may look to other rules of statutory construction or to legislative history to discern the legislature's intent. *Romero v. People*, 179 P.3d 984, 986 (Colo.2007); *see also Vickery v. Vickery*, —— P.3d ——, ——, 2010 WL 963204 (Colo.App. 2010) (when statutory language lends itself to alternative constructions and its intended scope is ambiguous or unclear, we may use prior law, legislative history, the consequences of a particular construction, and the goal of the statutory scheme as interpretive aids).

Here, claimant contends that because section 8–73–108(5)(e)(VII) specifically references "expense accounts" and "inventories," under the doctrine of ejusdem generis, we must construe the phrase "other records or reports" to include only similar "financial documents." Therefore, he asserts that his letter to employer regarding his arrest, which was not a financial document, was not a "report" within the meaning of the statute. We agree that claimant's letter was not a "report" within the meaning of section 8–73–108(5)(e)(VII), although we do not adopt his characterization of the covered records and reports as "financial documents."

As an initial matter, we review de novo the Panel's determination, reached without elaboration or analysis, that section 8–73–108(5)(e)(VII) is not ambiguous, *see Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1, 6 (1st Cir.1998) (determination of whether a statute is ambiguous is a question of law that appellate court reviews de novo); *Cheyenne Newspapers, Inc. v. Building Code Board of Appeals*, 222 P.3d 158, 162 (Wyo.2010) (same), and we disagree with that conclusion. In common and ordinary usage, a "report" can mean either "something that gives infor-

mation" or a "notification," or it can mean a more formal account or statement. *See Webster's Third New International Dictionary* 1925 (2002). In light of these common meanings of the term "report," as well as the wording of section 8–73–108(5)(e)(VII) as a whole, the phrase "other reports and records" in that statute can reasonably be interpreted to refer to, among other things, (1) any type of report or record, (2) only formal reports and records, or (3) only reports and records of a particular type. Accordingly, we conclude that the statute is ambiguous, notwithstanding the Panel's contrary view, and thus turn to other rules of statutory construction to assist us.

■■■ The doctrine of ejusdem generis provides that when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed. *See Davidson v. Sandstrom*, 83 P.3d 648, 656 (Colo.2004). Here, "other reports and records" is a general phrase that follows a specific list of things, namely, "expense accounts" and "inventories." Accordingly, under the doctrine of ejusdem generis, "other reports and records" must be interpreted to comprise reports and records of the same type as expense accounts and inventories. Thus, we must determine what the General Assembly intended when it specifically listed expense accounts and inventories.

As with any effort to discern legislative intent, we begin with the statutory language, giving words their ordinary meanings. An expense account is commonly defined as an account of expenses reimbursable to an employee. *Webster's Third New International Dictionary* at 800. Thus, it reflects a liability of the employer. An inventory is an itemized list of current assets. *Id.* at 1188. The falsification of either type of document has a direct and immediate impact on an employer's economic well-being. For example, the falsification of an expense account is a means by which an employee may obtain from an employer a larger reimbursement than was actually due and owing, thereby committing theft from the employer. The falsification of an inventory misadvises the employer of its

assets and may also assist an employee in concealing theft.

■■■ In light of these common understandings of "expense account" and "inventories," we conclude that by "other records or reports," the General Assembly intended to include only those documents that, like expense accounts and inventories, relate directly to an employer's assets and liabilities. Such an interpretation is fully consistent with section 8–73–108(5)(e)(VII)'s express provision that the falsification of such documents is a ground for disqualification from benefits whether or not substantial harm or injury was incurred, because the falsification of these types of documents by its very nature causes harm to an employer. This interpretation also gives meaning to all of the terms of section 8–73–108(5)(e)(VII). Indeed, were we to hold otherwise and adopt the broad definition of "other records and reports" that the Panel appears to endorse, the reference in the statute to "expense accounts" and "inventories" would become superfluous, because both are clearly records or reports and there would have been no need to list them specifically.

■■■ Having thus defined "other records and reports," we turn to the principal question before us, which is whether claimant's letter notifying his employer of his arrest constituted a "report" within the meaning of section 8–73–108(5)(e)(VII). We conclude that it did not. A report of an employee's arrest or conviction, although assuredly important to an employer, is not the type of record or report that relates directly to an employer's assets or liabilities. Nor is it the type of record or report that, if falsified, necessarily causes harm to an employer. This is true even though falsification of such a document might well pose a risk of liability in the future or tend to undermine an employer's valid policy considerations, such as the desire to maintain a workforce of unimpeachable integrity.

Accordingly, we conclude that the Panel erred in determining that claimant's letter was a "report" within the meaning of section 8–73–108(5)(e)(VII), and, thus, we set aside the determination that claimant is disquali-

fied from receipt of unemployment benefits pursuant to that provision. We have considered whether the decision of the Panel may be affirmed on other grounds supported by the record. *See Stevenson v. Indus. Comm'n,* 705 P.2d 1020, 1021 (Colo.App.1985) (upholding disqualification from unemployment benefits when the commission reached the proper legal conclusion under the wrong section of the statute). Because employer did not argue any alternative grounds either before the Panel or here, and because claimant was given no opportunity to address any such grounds, on the record before us, we decline to do so.

In light of our determination, we need not reach the other issues raised by claimant.

### III. Conclusion

For these reasons, the order is set aside and the case is remanded for an award of unemployment benefits to claimant.

Judge WEBB and Judge RUSSEL concur.