Richard STEFANSKI, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE of Colorado, Sanco
Industries, and Liberty Mutual Insur-
ance Company, Respondents.

No. 04CA1296.

Colorado Court of Appeals,
Div. II.

Sept. 8, 2005.

Rehearing Denied Nov. 3, 2005.

Certiorari Granted Feb. 13, 2006.

Timothy Quinn, Denver, Colorado, for Pe-
titioner.

John W. Suthers, Attorney General, Eric
S. Rothaus, Assistant Attorney General, Den-
ver, Colorado, for Respondent Industrial
Claim Appeals Office.

Law Offices of Jonathan S. Robbins, David
G. Kroll, Denver, Colorado, for Respondents
Sanco Industries and Liberty Mutual Insur-
ance Company.

STERNBERG *, J.

Petitioner, Richard Stefanski (claimant),
seeks review of a final order of the Industrial
Claim Appeals Office (Panel) determining

* Sitting by assignment of the Chief Justice under
  provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

that the final admission of liability (FAL) filed by Sanco Industries and Liberty Mutual Insurance Company (collectively employer) automatically closed his claim. We set aside the order and remand.

Claimant suffered a compensable back injury in May 1998 and later injured his right foot during exercise therapy for the back injury. Claimant also complained of left-hand symptoms.

Employer filed the FAL in March 1999, terminating temporary disability and medical benefits after the authorized treating physician (ATP) found that claimant was at maximum medical improvement (MMI). Employer voluntarily reinstated benefits after a division-sponsored independent medical examination (DIME) physician opined that claimant was not at MMI for the foot injury.

On May 18, 2001, the ATP placed claimant at MMI for the foot injury, and employer filed an amended FAL. Claimant filed a motion to strike the admission, asserting that the amended FAL was invalid because employer failed to obtain a follow-up DIME, as required by Rules of Procedure XIV(L)(7), 7 Code Colo. Regs. 1101–3 at 60.

Agreeing with claimant, the ALJ determined that under Rule XIV(L)(7), employer could not simply file another FAL, relying on the opinion of the treating physician, when claimant had successfully contested a previous determination of MMI through the DIME process. The ALJ concluded that Rule XIV(L)(7) required employer to return claimant to the DIME physician for a follow-up examination prior to filing the amended FAL. The ALJ therefore granted claimant's motion to strike the FAL, but determined that claimant failed to prove a causal connection between the back injury and his left-hand symptoms.

On review, the Panel determined that the ALJ erroneously found the amended FAL invalid. The Panel concluded that the claim was automatically closed when claimant failed to challenge the ATP's second opinion that he reached MMI by timely contesting the amended FAL and requesting a follow-up DIME within the time limits established by § 8–42–107.2(2)(b), C.R.S.2004. The Panel

therefore held that the ALJ erred in striking the amended FAL and awarding additional benefits absent an order reopening the claim.

### I.

Claimant first contends that the Panel erred in determining that employer could either file an amended FAL or request a DIME after the ATP opined for the second time that he reached MMI. We agree.

Section 8–43–203(2)(b)(II), C.R.S.2004, requires a claimant who contests a FAL to file an objection within thirty days and within that time to request "a hearing on any disputed issues that are ripe for hearing, including the selection of an independent medical examiner pursuant to section 8–42–107.2 if an independent medical examination has not already been conducted."

Further, § 8–42–107.2(2)(b) requires the party disputing a finding or determination of the ATP to request the selection of a DIME and to mail a notice and proposal for such selection within thirty days of the mailing of the FAL.

The Panel concluded that § 8–42–107(8), C.R.S.2004, is intended to place the parties in the same legal position that existed before the ATP's MMI determination and the initiation of the DIME process. Specifically, when, as here, MMI is redetermined by an ATP, the employer may either request a follow-up DIME to contest the ATP's determination of MMI or file a FAL based on the ATP's second MMI determination and rating. It then becomes incumbent on the claimant timely to request a follow-up DIME to contest the ATP's second MMI determination.

Claimant argued, and the ALJ agreed, that Rule XIV(L)(7) mandates a follow-up appointment with the DIME physician who determined claimant not to be at MMI. Therefore, under this argument, claimant's successful challenge to the ATP's MMI determination remains in effect until the DIME physician determines claimant has reached MMI after a follow-up examination or the DIME physician's determination that claimant is not at MMI is overruled after a hearing under § 8–42–107(8)(c), C.R.S.2004.

Thus, according to claimant, under Rule XIV(L)(7), employer may not simply file another FAL relying upon the opinion of the ATP when claimant already had successfully contested a previous determination of MMI through the DIME process.

None of the statutory provisions expressly addressed the procedure applicable when the ATP's initial finding of MMI is set aside based on a DIME, additional treatment is provided, and the ATP later places claimant at MMI for the second time. This silence creates some ambiguity concerning the parties' respective duties.

■ We must construe the statutory scheme and rules in a manner that effects the intent of the General Assembly. If possible, the Workers' Compensation Act must be construed to give consistent, harmonious, and sensible effect to all its parts. *City & County of Denver v. Indus. Claim Appeals Office*, 107 P.3d 1019 (Colo.App.2004).

Section 8–42–107.2(6), C.R.S.2004, provides that "[t]his section effected procedures related to the selection of an IME and shall be applicable to all open cases with a date of injury on or after July 1, 1991, *for which a division IME has not been requested, pursuant to section 8–42–107*" (emphasis added).

■ Thus, under the plain language of § 8–42–107.2(6), claimant was not required to file a notice and proposal to select another DIME because he had previously requested a DIME to contest the ATP's initial determination of MMI.

■ We recognize that this conclusion is contrary to the position taken by the Panel in a series of administrative cases and the Director's ultimate conclusion reached in the "Interpretive Bulletin" issued on February 24, 2004. However, although interpretations of statutes by administrative agencies are customarily given respect and accorded deference by courts, they are not binding on a court. *Banner Adver., Inc. v. People*, 868 P.2d 1077 (Colo.1994).

The Director's February 24, 2004 "Interpretative Bulletin" recognized the uncertainty in the requisite process and the Panel's acknowledgment that the relevant statutes are ambiguous because they do not expressly address the procedure to be followed. The Director stated that Rule XIV(L)(7) was adopted to make it clear that when it was determined that the claimant was not at MMI and required additional treatment, the DIME remained open. Therefore, the claimant could return for further examination and a determination by the DIME physician as to MMI. And when the Panel used the phrase "follow-up DIME," it referred to a follow-up examination that was part of the original DIME.

The conclusion reached by the Panel and the Director, however, that the parties otherwise are in the same position they would have been in if the DIME process had never begun, does not necessarily follow.

■ Accordingly, we agree with claimant that once he timely initiated the DIME process and the ATP placed him at MMI for the second time, employer had the obligation to return him to the DIME physician for a follow-up examination. Employer could not simply file an amended FAL in an attempt to close the case and shift the burden to claimant to initiate and bear the cost of another DIME.

## II.

Claimant also asserts that his motion to strike was the equivalent of an objection. We agree.

■ Any pleading that adequately notifies the employer that the claimant does not accept the FAL constitutes substantial, if not actual, compliance with the statutory obligation to provide written objection. *See EZ Bldg. Components Mfg., LLC v. Indus. Claim Appeals Office*, 74 P.3d 516 (Colo.App.2003)(concept of substantial compliance has been applied to various notice requirements in workers' compensation proceedings).

Here, employer filed the second FAL on November 20, 2001. Claimant mailed a motion to strike that admission on December 20, 2001. Claimant acknowledged that the FAL as to his foot injury was supported by a

physician's medical report, but requested an extension of thirty days from the date of an order in which to file a notice and proposal and application for hearing.

We conclude that claimant's motion to strike, while somewhat ambiguous, constituted a timely objection to the FAL.

### III.

We reject claimant's contention that the ALJ failed to resolve the factual issues regarding his attainment of MMI as to his left-hand symptoms.

Here, the ALJ found that claimant's job duties required repetitive hand motion. We agree with the Panel that this finding is consistent with the ALJ's conclusion that claimant failed to prove that his left-hand problems were causally related to the March 1998 back injury. Therefore, because the ALJ's findings are supported by the DIME report, the ALJ did not err in failing to compensate the left-hand injury in this claim.

Accordingly, we need not address the other assertions concerning claimant's left-hand symptoms.

The order is set aside, and the case remanded to the Panel to reinstate the ALJ's order and to conduct such further proceedings as are provided by law.

Judge VOGT and Judge CRISWELL* concur.