**SANCO INDUSTRIES, Liberty Mutual Insurance Company, and Industrial Claim Appeals Office of the State of Colorado, Petitioners**

v.

**Mary STEFANSKI, individually and as personal representative of the Estate of Richard Stefanski, Respondent.**

**No. 05SC814.**

Supreme Court of Colorado, En Banc.

Nov. 6, 2006.

cient to justify the transfer of venue back to the El Paso County District Court.

Law Offices of Richard P. Myers, David G. Kroll, Denver, Colorado, Attorneys for Petitioners, Sanco Industries and Liberty Mutual Insurance Company.

John W. Suthers, Attorney General, Eric S. Rothaus, Assistant Attorney General, State Services Section, Vincent E. Morscher, Assistant Attorney General, Civil Litigation and Employment Law Section, Denver, Colorado, Attorneys for Petitioner, Industrial Claim Appeals Office.

Timothy Quinn, Denver, Colorado, Attorney for Respondent.

Pepe J. Mendez and Associates, PC, Michelle L. LaForett, Denver, Colorado, Attorneys for Amicus Curiae Workers Compensation Education Association.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari in this workers' compensation case to review the court of appeals' decision in *Stefanski v. Industrial Claim Appeals Office,* 128 P.3d 282 (Colo. App.2005).[1] The court of appeals reversed the Industrial Claim Appeals Office's ("ICAO") ruling that Respondent/Claimant Richard Stefanski's ("Stefanski") failure to reinitiate the DIME process following Petitioners Sanco Industries and Liberty Mutual Insurance Company's ("Sanco") second final admission of liability ("FAL") automatically closed Stefanski's workers' compensation case.

Through a Workers' Compensation Division independent medical exam ("DIME"), Stefanski successfully challenged his treating physician's initial determination that he was at maximum medical improvement ("MMI"). The independent medical examiner ordered additional treatment, which Stefanski's treating physician provided. Stefanski's treating physician again placed Stefanski at MMI and Sanco filed a second FAL.

ICAO ruled that Stefanski was obligated to timely dispute this second MMI determination, reinitiate the DIME process, and request a review by the independent medical examiner in the same manner as his first challenge. The administrative law judge ("ALJ") had ruled that Stefanski had no such obligation.

The court of appeals reversed ICAO's decision. We affirm the judgment of the court of appeals. We held in *Williams v. ICAO,* also announced today, that, once a claimant has successfully challenged a finding of MMI through the DIME process, the DIME process remains open and, when the treating physician makes a second finding of MMI, the employer or insurer may not file an FAL to close the case prior to returning the claimant to the independent medical examiner for a follow-up examination and determination of MMI. 147 P.3d 33, 2006 WL 3164122, No.

---

1. We granted certiorari on the following issue: Whether, in cases where a claimant has successfully challenged an initial MMI rating through the DIME process, the claimant must request a follow-up DIME in accordance with sections 8–42–107 and 8–42–107.2, in order to challenge the subsequent MMI rating.

06SC93 (Colo. Nov. 6, 2006). We apply our *Williams* holding to the facts of this case.

## I.

In March 1998, Stefanski injured his back at work. During treatment for his back injury, he injured his right foot. His authorized treating physician placed him at MMI in December 1998.

In March 1999, Sanco filed an FAL based on the treating physician's findings. The FAL included a "notice to claimant" specifying the deadline by which the claimant must file any objection to the findings.[2] The "notice to claimant" further stated that failure to object by the deadline would result in the case being closed.

Stefanski timely challenged this finding of MMI by requesting an examination by an independent medical examiner. In October 1999, the independent medical examiner concluded Stefanski was not at MMI for his foot injury and directed that he continue treatment.

Stefanski received additional treatment for his foot injury. In May 2001, Stefanski's treating physician again placed him at MMI for this injury. Sanco filed an amended FAL on November 20, 2001. As with the previous FAL, this FAL contained a notice to Stefanski that he must object within the specified time and if he did not, his case would be closed.

Stefanski moved to strike Sanco's FAL, but he did not reinitiate the DIME process. The ALJ concluded that the independent medical examiner's initial MMI determination "remained in effect until the [independent medical examiner] determines claimant has reached MMI per a follow-up examination or the [independent medical examiner's] determination that claimant is not at MMI is overruled per a hearing." Thus, the ALJ ruled that the second FAL to close the case was invalid; instead, Sanco was obligated to return Stefanski to the independent medical examiner for a follow-up examination and

determination of MMI following his treating physician's redetermination of MMI.

ICAO reversed the ALJ's decision. ICAO concluded that Stefanski was obligated to request a follow-up review by the independent medical examiner after the treating physician placed him at MMI the second time. In its order, ICAO concluded that the parties were in the same legal position after the second MMI determination as after the first; thus, Stefanski was obligated to request a second DIME if he wished to challenge this second MMI determination. Because Stefanski failed to do so, ICAO ruled that the FAL was valid and Stefanski's case had been closed by operation of law when he did not timely request a follow-up DIME.

On review, the court of appeals concluded that the second MMI determination by the treating physician had no effect once the independent medical examiner had determined that Stefanski was not at MMI. *Stefanski*, 128 P.3d at 284. The court of appeals concluded that the independent medical examiner's initial determination was binding until the independent medical examiner conducted a reexamination, and the employer or insurer had the obligation to return the employee to the independent medical examiner for a follow-up examination and determination of MMI. Thus, the court of appeals reversed ICAO's decision and remanded the case, directing reinstatement of the ALJ's decision and further proceedings as provided by law. We agree with the court of appeals' decision in this case.

## II.

■ We held in *Williams v. ICAO*, also announced today, that, once a claimant has successfully challenged a finding of MMI through the DIME process, the DIME process remains open and, when the treating physician makes a second finding of MMI, the employer or insurer may not file an FAL to close the case prior to returning the claimant to the independent medical examiner for a follow-up examination and determination of MMI. 147 P.3d 33, No. 06SC93 (Colo. Nov.

---

**2.** At the time the first notice was filed in this case, the deadline was sixty days. Thus, the notice of final admission of liability in this case

provided for a sixty day deadline to object. The legislature has since reduced the deadline to thirty days. *See* § 8–42–107.2, C.R.S. (2006).

6, 2006). Although we affirm the court of appeals' judgment in this case, we employ different reasoning.

The court of appeals concluded that none of the statutory provisions at issue designates the applicable procedure for the parties to follow when a claimant who has successfully challenged one finding of MMI through a DIME is again placed at MMI. *Stefanski*, 128 P.3d at 284. Thus, the court of appeals found the Workers' Compensation Act (the "Act") to be ambiguous on this point. *Id.* We agree with this conclusion. However, the court of appeals held that the plain language of section 8–42–107.2(6) dictates the outcome of this case.[3] *Id.* We disagree with this rationale.

The General Assembly enacted the language the *Stefanski* panel relied upon in order to apply the new procedures for selecting an independent medical examiner retroactively. *See Lobato v. ICAO*, 105 P.3d 220, 224 (Colo.2005). The legislature recognized that application of the new procedures to pending cases, where an independent medical examiner had already been selected, would be unreasonable. Therefore, the statute exempts those cases. Thus, this provision does not resolve the issue presented in this case.

 Nevertheless, we affirm the court of appeals' judgment in *Stefanski*, applying the analysis fully set forth in *Williams*. Because we agree that the Act is ambiguous with regard to the issue on appeal to us, we look to the intent of the legislature to construe the meaning of the Act. *Williams*, 147 P.3d 33, at 38, No. 06SC93 (Colo. Nov. 6, 2006). We also look to the beneficent and efficiency purposes of the Act. *Id.* at 38–40. We extend deference to the Workers' Compensation Division's interpretation of the Act as set forth in Interpretive Bulletin 11A, although we are not bound by it. *Id.* at 38–39. We conclude that the Colorado Workers' Compensation Act does not provide for an FAL to close the case and does not require a claimant to reinitiate the DIME process when (1) an independent medical examiner

has previously determined the claimant not to be at MMI and (2) the treating physician again places the claimant at MMI. *Id.* at 40. Rather, it is the employer or insurer's responsibility to return the employee to the independent medical examiner for a follow-up examination and determination of MMI before filing an FAL to close the case.

Here, Stefanski successfully challenged his treating physician's finding of MMI through the DIME process in October 1999. The independent medical examiner's finding that Stefanski had not reached MMI was binding unless overcome by clear and convincing evidence. Once the treating physician again placed Stefanski at MMI, it was Sanco's responsibility to promptly return the employee to the independent medical examiner for a follow-up examination and determination of MMI before filing an FAL.

### III.

Accordingly, we affirm the judgment of the court of appeals.

Justice COATS dissents.

Justice EID does not participate.

Justice COATS, dissenting.

As I briefly explain in my dissenting opinion in the companion case of *Williams v. Kunau*, 147 P.3d 33, 2006 WL 3164122, No. 06SC93 (Colo. Nov. 6, 2006), I believe the majority's construction disregards the statutory scheme actually adopted by the legislature, in favor of the majority's own notion of how best to implement what it considers to be the broader legislative policy. I therefore respectfully dissent.

---

**3.** This section states in pertinent part: "This section effected procedures related to the selection of an [independent medical examiner] and shall be applicable to all open cases with a date of injury on or after July 1, 1991, *for which a division IME has not been requested,* pursuant to section 8–42–107." § 8–42–107.2(6) (emphasis added).