The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 7, 2019

## 2019COA37

No. 18CA0565, *Burren v. Industrial Claims Appeals Office —* **Labor and Industry — Workers' Compensation — Determination of Maximum Medical Improvement**

In this workers' compensation case, a division of the court of appeals addresses whether a claimant can be placed at maximum medical improvement (MMI) by an administrative law judge (ALJ) despite the lack of an MMI finding from any treating physician or the physician conducting the division-sponsored independent medical examination (DIME). The division concludes that an ALJ cannot determine MMI when neither a treating physician nor a DIME physician has placed the injured worker at MMI. Consequence, the division sets aside the order of the Industrial Claim Appeals Office (Panel) upholding the ALJ's order and

remands the matter to the Panel to return the case to the ALJ to enter an order consistent with this opinion.

COLORADO COURT OF APPEALS 2019COA37

Court of Appeals No. 18CA0565
Industrial Claim Appeals Office of the State of Colorado
WC No. 4-962-740

Susan Burren,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado, Destination Maternity,
and Liberty Mutual Insurance Company,

Respondents.

ORDER SET ASIDE AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE WELLING
Webb and Harris, JJ., concur

Announced March 7, 2019

Irwin Fraley, PLLC, Roger Fraley, Jr., Centennial, Colorado, for Petitioner

No Appearance for Respondent Industrial Claim Appeals Office

Ruegsegger Simons Smith & Stern, Michele Stark Carey, Denver, Colorado, for
Respondents Destination Maternity and Liberty Mutual Insurance Company

¶ 1     This workers' compensation action requires us to address whether a claimant can be placed at maximum medical improvement (MMI) by an administrative law judge (ALJ) despite the lack of an MMI finding from any treating physician or the physician conducting the division-sponsored independent medical examination (DIME). We conclude that an ALJ cannot determine MMI when neither a treating physician nor a DIME physician has placed the injured worker at MMI. We therefore set aside the order of the Industrial Claim Appeals Office (Panel) upholding the ALJ's order, and we remand the matter to the Panel to return the case to the ALJ to enter an order consistent with this opinion.

## I. Background

¶ 2     Claimant, Susan Burren, worked for employer, Destination Maternity, in a store called A Pea in the Pod. On September 25 and 26, 2014, she sustained admitted work-related injuries to her arm and shoulder. Several physicians treated her for her injuries well into 2017. Despite several years of treatment, claimant complained that her pain continued to worsen. She testified that none of the treatment she received improved her condition. None of claimant's treating physicians placed her at MMI.

1

¶ 3    In June 2015, employer retained Dr. Allison Fall to perform a medical examination of claimant.  Dr. Fall opined that claimant was not at MMI at that time, but anticipated that claimant would reach MMI "in three to six months."

¶ 4    Dr. Fall examined claimant a second time in August 2016.  In her ensuing report, Dr. Fall set forth her impressions of claimant's condition as follows:

1.    Work-related right ulnar neuritis without current complaints, essentially resolved.

2.    Right upper trapezius and levator scapular myofascial pain with subjective complaints outweighing objective findings.

3.    Somatoform or conversion disorder, ruled out as work-related.

She also opined that claimant had reached MMI with "no permanent impairment for subjective complaints of upper quadrant myofascial pain."

¶ 5    Several weeks after receiving Dr. Fall's opinion, employer requested a twenty-four-month DIME pursuant to section 8-42-107(8)(b)(II), C.R.S. 2018, because no treating physician had placed

claimant at MMI in the two years that had elapsed since her work-related injury. Dr. Clarence Henke was selected to perform the DIME. He examined claimant and opined that claimant suffered from right ulnar nerve compression, right median nerve compression at wrist level, right rotator cuff tendinitis, and cervical myalgia. As now pertinent, he also determined claimant was *not* at MMI.

¶ 6    Not satisfied with this result, employer applied for a hearing to overcome Dr. Henke's DIME opinion. Dr. Fall testified at the hearing that the mechanism of claimant's injury could not have injured her cervical spine. Dr. Fall also criticized Dr. Henke's DIME report, pointing out that Dr. Henke did not rate claimant's impairment as required, failed to explain why he concluded claimant was not at MMI, and recommended follow-up treatment without specifying the treatment needed. Hearing this and claimant's testimony, the ALJ ruled that employer clearly and convincingly overcame the DIME. The ALJ expressly found Dr. Fall's opinions and testimony to be more "well-informed, thorough, credible and persuasive than those of DIME Dr. Henke." The ALJ also noted:

> The DIME doctor reviewed only a portion of Claimant's medical records and failed to consider Dr. Fall's second [independent medical exam] report. He did not rate any impairment as required. Dr. Henke failed to provide any details or analysis as to why Claimant is not at MMI, or what needs to be done for Claimant to reach MMI. Dr. Henke failed to state what body part Claimant should follow up with, what type of orthopedic evaluation Claimant needs, or why further orthopedic evaluation is necessary, despite nearly three years of treatment without any perceived benefit.

She therefore concluded that the evidence employer presented to overcome the DIME "is unmistakable and free from serious or substantial doubt showing it highly probable the DIME physician is incorrect." Having found that employer overcame the DIME, the ALJ determined that claimant reached MMI on June 28, 2016, the date on which one of her treating physicians placed her cervical spine at MMI.

¶ 7    On review, the Panel upheld the ALJ's order, concluding that substantial evidence supported the decision. The Panel also rejected claimant's contention that the ALJ misapplied the statute when she found claimant at MMI as of June 28, 2016. The Panel disagreed with claimant's position that an ALJ cannot find a

4

claimant to be at MMI unless a treating physician or the DIME has placed the claimant at MMI. In the Panel's view, once an ALJ determines that a DIME physician's MMI opinion has been clearly and convincingly overcome, "the ALJ [is] required to determine the claimant's MMI date as a matter of fact."

## II. Statutory Interpretation

¶ 8 On appeal, claimant contends that the Panel and the ALJ have misinterpreted section 8-42-107(8)(b). In claimant's view, by permitting the ALJ to determine a claimant's MMI date as a matter of fact, the Panel disregards the requirement of section 8-42-107(8)(b)(I) that "[a]n authorized treating physician shall make a determination as to when the injured employee reaches maximum medical improvement as defined in section 8-40-201(11.5)[, C.R.S. 2018]." According to claimant, once the ALJ determined employer overcame the DIME, the ALJ should have ordered her treatment resumed until her authorized treating physician (ATP) placed her at MMI. We agree that the ALJ and the Panel have misapplied the statute, but not for the reason argued by claimant.

## A. Relevant Statute

¶ 9 Section 8-42-107 provides, in relevant part, as follows:

5

(8)(b)(I) An authorized treating physician shall make a determination as to when the injured employee reaches maximum medical improvement as defined in section 8-40-201(11.5).

(II) If either party disputes a determination by an authorized treating physician on the question of whether the injured worker has or has not reached maximum medical improvement, an independent medical examiner may be selected in accordance with section 8-42-107.2[, C.R.S. 2018]; except that, if an authorized treating physician has not determined that the employee has reached maximum medical improvement, the employer or insurer may only request the selection of an independent medical examiner if all of the following conditions are met:

(A) At least twenty-four months have passed since the date of injury;

(B) A party has requested in writing that an authorized treating physician determine whether the employee has reached maximum medical improvement;

(C) Such authorized treating physician has not determined that the employee has reached maximum medical improvement; and

(D) A physician other than such authorized treating physician has determined that the employee has reached maximum medical improvement.

(III) Notwithstanding paragraph (c) of this subsection (8), if the independent medical examiner selected pursuant to subparagraph

(II) of this paragraph (b) finds that the injured worker has reached maximum medical improvement, the independent medical examiner shall also determine the injured worker's permanent medical impairment rating.  The finding regarding maximum medical improvement and permanent medical impairment of an independent medical examiner in a dispute arising under subparagraph (II) of this paragraph (b) may be overcome only by clear and convincing evidence.  A hearing on this matter shall not take place until the finding of the independent medical examiner has been filed with the division.

## B.  Rules of Statutory Construction and Standard of Review

¶ 10    When we interpret a provision of the Workers' Compensation Act (Act), "we interpret the statute according to its plain and ordinary meaning" if its language is clear.  *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo. 2004).  In addition, "when examining a statute's language, we give effect to every word and render none superfluous because we 'do not presume that the legislature used language idly and with no intent that meaning should be given to its language.'"  *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 571 (Colo. 2008) (quoting *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 597 (Colo. 2005)).

¶ 11    We review an issue of statutory construction de novo. *Ray v. Indus. Claim Appeals Office*, 124 P.3d 891, 893 (Colo. App. 2005), *aff'd*, 145 P.3d 661 (Colo. 2006). Although we defer to the Panel's reasonable interpretations of the statute it administers, *Sanco Indus. v. Stefanski*, 147 P.3d 5, 8 (Colo. 2006); *Dillard v. Indus. Claim Appeals Office*, 121 P.3d 301, 304 (Colo. App. 2005), *aff'd*, 134 P.3d 407 (Colo. 2006), we are not bound by the Panel's interpretation or its earlier decisions. *Olivas-Soto v. Indus. Claim Appeals Office*, 143 P.3d 1178, 1180 (Colo. App. 2006). "The Panel's interpretation will . . . be set aside 'if it is inconsistent with the clear language of the statute or with the legislative intent.'" *Town of Castle Rock v. Indus. Claim Appeals Office*, 2013 COA 109, ¶ 11 (quoting *Support, Inc. v. Indus. Claim Appeals Office*, 968 P.2d 174, 175 (Colo. App. 1998)), *aff'd*, 2016 CO 26.

### C.  MMI Finding Must Be Made by Either ATP or DIME Physician

¶ 12    Claimant contends that if neither a DIME physician nor an ATP has found a claimant to be at MMI, section 8-42-107(8)(b)(I) mandates that the claimant continue treating with the ATP until the ATP places the claimant at MMI. In other words, under claimant's interpretation of section 8-42-107(8)(b), if a DIME conducted under

8

section 8-42-107(8)(b)(II) finds a claimant is *not* at MMI, treatment should then proceed until an MMI determination is made under section 8-42-107(8)(b)(I). To do otherwise, according to claimant, would be to "ignore" the requirements of section 8-42-107(8)(b)(I).

¶ 13     Claimant's interpretation is overly broad and consequently flawed. The legislature intended subparagraphs (I) and (II) of section 8-42-107(8)(b) to serve as alternative paths by which a determination of MMI can be reached. As the Panel noted, subparagraph (II) was added to the Act in 1996 to provide employers an avenue to seek an MMI finding if an ATP's treatment continued despite an independent physician's determination that the claimant had reached MMI. *See* Ch. 112, sec. 1, § 8-42-107(8)(b)(II), 1996 Colo. Sess. Laws 456-57; *see also Clark v. Mac-Make-Up Art Cosmetics*, W.C. No. 4-858-859-06, 2016 WL 4361576, at *2 (Colo. I.C.A.O. Aug. 3, 2016) ("The General Assembly first added to the statute a provision to allow a DIME review prior to a finding of MMI by an ATP in 1996. The purpose was to allow an employer and its insurer a mechanism to challenge an over-treating or inattentive physician, or an injured employee persisting in unreasonable complaints of disability."). The legislative goal of

9

providing employers with an alternative path toward MMI would be thwarted and the alternative statutory avenue closed if, as claimant suggests, *every* case required an ATP to make an MMI finding. Indeed, this is the very scenario the legislature sought to remedy when it added subparagraph (II).

¶ 14 But the Panel also erred in its interpretation. It is true that the Panel has "long held that once the ALJ determined the DIME physician's MMI opinion was overcome by clear and convincing evidence, then the ALJ was required to determine the claimant's MMI date as a matter of fact," as it observed in its decision below. And numerous Panel decisions follow this reasoning or espouse this interpretation. *See, e.g., York v. Manpower Int'l, Inc.*, W.C. No. 4-837-612-04, 2016 WL 2619516, at *3 (Colo. I.C.A.O. May 4, 2016) (Once an ALJ determines that a DIME MMI opinion has been overcome, "the question of the claimant's correct MMI date becomes a question of fact for the ALJ. The only limitation is that the ALJ's findings must be supported by substantial evidence in the record.") (citations omitted), *aff'd sub nom. York v. Indus. Claim Appeals Office*, (Colo. App. No. 16CA0877, Jan. 26, 2017) (not published pursuant to C.A.R. 35(e)); *Nixon v. City & Cty. of Denver*, W.C. No.

4-770-139, 2011 WL 5234800, at *2 (Colo. I.C.A.O. Oct. 24, 2011) (after finding DIME physician's opinion of no MMI had been overcome, ALJ properly determined claimant's MMI date based on opinion of one treating physician); *Solis v. Sunshine Bldg. Maint.*, W.C. No. 4-726-043, 2009 WL 1674886, at *2-6 (Colo. I.C.A.O. June 12, 2009) (after finding DIME physician's determination of no MMI had been overcome, ALJ properly determined claimant's MMI date based on ATP's opinion). These Panel decisions are distinguishable, however. As claimant points out, in those cases, even though a DIME had found the claimant not at MMI, the ALJ turned to the opinion of a treating physician when determining an MMI date for the claimant. For example, in both *Solis* and *Nixon*, a treating physician had placed the claimant at MMI; the claimant challenged that finding by requesting a DIME; the DIME determined the claimant was not at MMI; but the ALJ ruled the DIME had been overcome and adopted the MMI date originally recommended by the ATP. *See Nixon*, 2011 WL 5234800, at *1; *Solis*, 2009 WL 1674886, at *1. *York* followed a different procedural path, but ultimately in that case, too, the ALJ adopted an MMI date that was precisely six weeks post-surgery, which adhered to the treating surgeon's

11

opinion that claimant should reach MMI by that date. *York*, 2016 WL 2619516, at *1-2.

¶ 15 These scenarios highlight a factor common to cases in which MMI could be decided as a matter of fact: in each instance, a conflict existed between the DIME and the ATP, which required resolution by the finder of fact. Indeed, the rule authorizing ALJs to decide MMI as a matter of fact grew out of a case of conflicting MMI determinations by different ATPs. *See, e.g.*, *Blue Mesa Forest v. Lopez*, 928 P.2d 831, 833 (Colo. App. 1996) ("[R]etraction of the authorized treating physician's first opinion merely presents a question of fact for the ALJ concerning whether claimant was at MMI on March 9 or December 1, 1994."); *see also Kilpatrick v. Indus. Claim Appeals Office*, 2015 COA 30, ¶ 39 (MMI determination was within ALJ's discretion where ATP had signed statement retracting his earlier MMI decision). In *Blue Mesa* and *Kilpatrick*, as in those Panel cases in which the DIME and the ATP disagreed on MMI, there was a conflict in medical opinions between treaters or between a treater and a DIME physician that the ALJ had to resolve as a matter of fact. But in this case, there is no conflict between the ATP's and DIME physician's opinions; both agree that claimant

12

had not reached MMI. Consequently, there was no conflict for the ALJ to resolve.

¶ 16 We know of no case, and employer has not pointed us to any, in which the only physician placing the claimant at MMI was a doctor selected by the employer pursuant to section 8-42-107(8)(b)(II)(D). To the contrary, in all the cases we have reviewed, as well as each case cited by the parties, either an ATP or the DIME had placed the claimant at MMI. But those circumstances are absent here, distinguishing this case from those in which MMI became a fact question for the ALJ to decide.

¶ 17 In our view, the situation resembles the supreme court case of *Williams v. Kunau*, 147 P.3d 33 (Colo. 2006), which traveled a different procedural path but evoked concerns similar to those claimant expresses. In *Williams*, a DIME physician disagreed with an ATP's opinion that the claimant had reached MMI. Because the DIME physician opined that the claimant had not yet reached MMI, the DIME procedure remained open. The claimant received more treatment, and was eventually placed at MMI a second time by the ATP. *Id.* at 34-35. Based on the ATP's second MMI determination, the employer filed a final admission of liability (FAL). *Id.* The

13

supreme court held that the employer prematurely filed its FAL;, the employer could not file an FAL until the DIME physician had re-examined the claimant and made an independent determination that the claimant had reached MMI. Citing a Panel interpretive bulletin, the supreme court observed that "[h]istorically, the Division's policy has been that, after an independent medical examiner determines the employee not to be at MMI, the independent medical examiner must make the final determination of MMI following additional care from the treating physician." *Id.* at 38 (citing Colo. Dep't of Labor & Emp't, Interpretive Bulletin 11A: Follow Up Division Independent Medical Examinations (Mar. 6, 2006), https://perma.cc/H247-YG4D). Having taken the Panel's practice into consideration, the supreme court summarized its new rule as follows:

> We hold that, once a claimant has successfully challenged a finding of MMI through the DIME process, the DIME process remains open and, when the treating physician makes a second finding of MMI, the employer or insurer may not file an FAL to close the case prior to returning the claimant to the independent medical examiner for a follow-up examination and determination of MMI.

*Id.* at 36.

¶ 18    Similarly, in this case, the DIME did not find claimant to be at MMI. Unlike in *Williams*, though, the ALJ did not return claimant for additional treatment and a follow-up DIME. Instead, the ALJ was persuaded by the opinions of employer's retained physician to place claimant at MMI. In our view, this course runs counter to the statute and the Panel's historical practice of having the DIME physician who found a claimant was not at MMI later make the MMI determination. We therefore conclude claimant should have been returned to the ATP for continued treatment after the DIME physician found she was not at MMI.

¶ 19    We recognize that our interpretation of the statute effectively precludes an employer's ability to challenge a twenty-four-month DIME when the DIME agrees with the ATP that a claimant is not at MMI. However, we note that, prior to the addition of section 8-42-107(8)(b)(II) in 1996, employers were at the mercy of ATPs and had no recourse to challenge perpetual care; treatment simply continued until an ATP placed the claimant at MMI. *See* 1996 Colo. Sess. Laws at 456-57. We conclude simply that where the DIME and the ATP agree that a claimant is not at MMI, treatment should continue until either the DIME or the ATP places the claimant at

MMI, which comports with the statute and the Panel's historical practices.  We note, too, that nothing in our opinion prohibits an employer from re-invoking the twenty-four-month DIME process at an appropriate time in the future.  Thus, our decision will leave employers avenues to challenge treatment that seems interminable.

## III.  Substantial Evidence

¶ 20    Having concluded that the ALJ and the Panel misinterpreted section 8-42-107(8)(b)(II), we need not address whether substantial evidence supported the ALJ's findings of fact.

## IV.  Conclusion

¶ 21    The order is set aside and the case remanded to the Panel with directions to return it to the ALJ to enter an order consistent with this opinion.

JUDGE WEBB and JUDGE HARRIS concur.